IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MALIKIE INNOVATIONS LTD., <br> KEY PATENT INNOVATIONS LTD. <br><br> Plaintiffs, <br><br> v. <br><br> MARA HOLDINGS, INC. (F/K/A <br> MARATHON DIGITAL HOLDINGS, INC. <br><br> Defendants. | § § § § § § § § § § § § § | CASE NO. 7:25-cv-00222-DC-DTG <br><br> JURY TRIAL DEMANDED |

## SCHEDULING ORDER

On August 27, 2025, the Court conducted a conference in the above entitled and numbered case. All parties appeared through counsel. As a result of such hearing, and pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Date | Event |
|---|---|
| August 18, 2025 | File a proposed scheduling order on the docket in the format included under the undersigned standing order at least seven (7) business days before the hearing and jointly email a Word version of the proposed schedules to chambers at TXWDml_NoJudge_Chambers_WA_JudgeGilliland@txwd.uscourts.gov. |

1

| | |
|---|---|
| August 20, 2025 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| September 17, 2025 | Deadline to file a motion to transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |
| October 15, 2025 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| October 29, 2025 | Parties exchange claim terms for construction. |
| November 12, 2025 | Parties exchange proposed claim constructions. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| November 19, 2025 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| November 26, 2025 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| December 3, 2025 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| December 24, 2025 | Plaintiff files Responsive claim construction brief |
| January 14, 2026 | Defendant files Reply claim construction brief. |
| January 14, 2026 | Parties to jointly email the law clerks (*see* OGP at 1) to confirm their *Markman* date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| January 28, 2026 | Plaintiff files a Sur-Reply claim construction brief. |
| February 2, 2026 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| February 4, 2026 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
|---|---|
| February 18, 2026[3] | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| February 19, 2026 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| April 1, 2026 | Deadline to add parties. |
| April 15, 2026 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| June 10, 2026 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| August 19, 2026 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| September 16, 2026 | Close of Fact Discovery. |
| September 23, 2026 | Opening Expert Reports. |
| October 21, 2026 | Rebuttal Expert Reports. |

---

[3] All deadlines hereafter follow the original *Markman* hearing date and do not change if the Court delays the *Markman* hearing.

| November 12, 2026 | Close of Expert Discovery |
|---|---|
| November 18, 2026 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| November 25, 2026 | Dispositive motion deadline and Daubert motion deadline.<br><br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed).<br><br>Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available at https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge. |
| December 9, 2026 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations) |
| December 16, 2026 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| December 23, 2026 | Parties to jointly email the Court's law clerk (See OGP at 1) to confirm their pretrial conference and trial dates. |
| December 23, 2026 | Serve objections to rebuttal disclosures; file motions in *limine*. |

| January 13, 2027 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, deposition designations); file oppositions to motions in *limine* .<br><br>From this date onwards, the parties are obligated to notify the Court of any changes to the asserted patents or claims. Such notification shall be filed on the docket within seven (7) days of the change and shall include a complete listing of all asserted patents and claims. If a change to the asserted patents or claims requires leave of court (for example, if a party is moving for leave to assert additional claims), notification shall not be required until the Court grants leave, at which point the notification must be filed within seven (7) days. |
|---|---|
| January 20, 2027 | Deadline to meet and confer regarding remaining objections and disputes on motions in *limine*. |
| January 22, 2027 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions in *limine*. |
| January 27, 2027 | Final Pretrial Conference. Held in person unless otherwise requested. |
| February 17, 2027[4] | Jury Selection/Trial. |

SIGNED this _____ day of _____ , 20____.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.

AGREED:

By: _/s/ Steve Wingard_____  By: _/s/ Khue V. Hoang_____

Steve Wingard
State Bar No. 00788694
swingard@scottdoug.com
Robert P. Earle
State Bar No. 241245566
rearle@scottdoug.com
Stephen L. Burbank
State Bar No. 24109672
sburbank@scottdoug.com
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701-3234
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Anish R. Desai
Elizabeth S. Weiswasser
Ian A. Moore
Tom Yu
Thomas Macchio
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Sixth Avenue
New York, NY 10019
Telephone: (212) 373-3000

Christopher M. Pepe
W. Sutton Ansley
Eric C. Westerhold
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 223-7300

*Counsel for Defendant MARA Holdings, Inc.*

Khue V. Hoang
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
khoang@reichmanjorgensen.com

Matthew G. Berkowitz
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

Philip J. Eklem
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
peklem@reichmanjorgensen.com

*Of Counsel*:

Mark D. Siegmund
   TX Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES, PC**
7901 Fish Pond Rd., 2nd Floor
Waco, TX 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
Email: msiegmund@cjsjlaw.com

*Attorneys for Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd.*