UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| Malikie Innovations Ltd. and<br>Key Patent Innovations Ltd.,<br><br>         Plaintiffs,<br><br>    v.<br><br>MARA Holdings, Inc. (f/k/a Marathon Digital Holdings, Inc.)<br><br>         Defendant. | Case No. 7:25-cv-00222-DC-DTG |

**DEFENDANT'S OPPOSED MOTION TO STAY
PENDING EX PARTE REEXAMINATION**

## **TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | Introduction | | 1 |
| II. | Factual Background | | 3 |
| III. | Legal Standard | | 4 |
| IV. | Argument | | 5 |
| | A. | A Stay Will Likely Simplify the Issues Before the Court | 5 |
| | B. | The Early Stage of the Case Favors a Stay | 6 |
| | C. | Plaintiffs Will Suffer Minimal Prejudice | 7 |
| V. | Conclusion | | 8 |

# **TABLE OF AUTHORITIES**

**Cases**

*Clinton v. Jones*,
    520 U.S. 681 (1997)......................................................................................................... 4

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
    No. 1-13-cv-00800, 2015 WL 3773014 (W.D. Tex. Jun. 15, 2015).................................. 7

*Kirsch Research and Development, LLC v. IKO Industries, Inc.*,
    6:20-cv-00317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 4, 2021) ............................ 4, 5

*Krippelz v. Ford Motor Co.*,
    667 F.3d 1261 (Fed. Cir. 2012)........................................................................................ 6

*LELO, Inc. v. Standard Innovation (US) Corp.*,
    No. 13-CV-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) .............................. 6

*NFC Tech. LLC v. HTC Am., Inc.*,
    No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)........................ 6

*Norman IP Holdings, LLC v. TPLink Techs., Co.*,
    No. 6:13-CV-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014).............................. 7

*Quartz Auto Techs. v. Lyft, Inc.*,
    No. 1:20-CV-719-LY, D.I. 125 (W.D. Tex. June 24, 2022).......................................... 6, 8

*Ravgen, Inc. v. Natera, Inc., et al.*,
    No. 1:20-CV-692-LY, D.I. 247 (W.D. Tex. May 31, 2022)............................................. 8

*TC Tech. LLC v. T-Mobile USA, Inc.*,
    No. 6:20-CV-00899, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ...................... 5, 6, 7, 8

**Regulations**

37 C.F.R. § 1.515(a)................................................................................................................ 4

37 C.F.R. § 1.525(a)................................................................................................................ 4

37 C.F.R. 1.530(j) ................................................................................................................... 5

**Other Authorities**

MPEP § 2258(I)(G)................................................................................................................. 6

Defendant MARA Holdings, Inc. ("MARA") respectfully requests that the Court stay the litigation pending the outcome of the *ex parte* reexamination proceedings filed against the Asserted Patents.[1]

## I. **INTRODUCTION**

On January 5, 2026 and January 6, 2026, MARA and Core Scientific[2] filed petitions for *ex parte* reexamination (EPR) challenging the validity of all asserted claims of the Asserted Patents. All three factors considered by this Court favor a stay in view of the pending EPRs.

*First*, the EPR proceedings are highly likely to simplify the issues in this case because they are highly likely to result in cancellation of some (if not all) asserted claims. In March 2025, the ABA published statistics on 800 EPRs from January 2015 to July 2022, revealing a historical institution rate of about 95% for litigated patents. Ex. 1 at 6 (ABA statistics).[3] More recently, from October 2024 through June 2025, the USPTO reports that 319 EPRs were granted and only 5 were denied—a 98.46% institution rate. Ex. 2 at 1 (USPTO reexamination statistics).[4] In approximately 80% of instituted *ex parte* reexaminations, the challenged claims are cancelled or amended. Ex. 3

---

[1] The six "Asserted Patents" are U.S. Patent Nos. 8,788,827; 10,284,370; 7,372,960; 8,666,062; 7,372,961; and 8,532,286.

[2] Malikie sued Core Scientific for patent infringement in the Eastern District of Texas on May 12, 2025: *Malikie Innovations Ltd. et al. v. Core Scientific, Inc.*, Case No. 2:25-cv-00519.

[3] Available at https://web.archive.org/web/20250428055932/https://www.americanbar.org/groups/intellectual_property_law/resources/landslide/2025-spring/data-based-look-ex-parte-reexaminations/

[4] Available at https://www.uspto.gov/sites/default/files/documents/reexamination-op-stats.pdf

1

at 2 (USPTO ex parte historical data).[5] Here, five of the six Asserted Patents have expired,[6] and therefore, any defect in the expired claims would require them to be cancelled.

***Second***, the case is still in its very early stages: there has not been a *Markman* hearing; fact discovery has not opened; and trial is scheduled 14 months away in March 2027. D.I. 44 (Scheduling Order). Per the ABA-published statistics, the average pendency of *ex parte* reexaminations for litigated patents[7] is just over 15 months. Ex. 1 at 1, 15. And five of the six pending EPRs will likely conclude sooner than average because new claims cannot be added and existing claims cannot be amended.

***Third***, a stay would not unduly prejudice Plaintiffs, who are non-practicing entities that delayed for at least two years in bringing these claims for patent infringement based on open source software that has been in use since 2009. In addition, Plaintiffs have not sought a preliminary injunction on any patent and cannot seek an injunction on the five Asserted Patents that have expired.

MARA respectfully submits that the grant of a stay would promote judicial economy and save both the parties and the Court time and resources.

---

[5] Available at https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf

[6] Expiration dates of the Asserted Patents: '961 Patent (7/12/2023); '960 and '062 Patents (5/31/2024); '827 and '370 Patents (1/18/2026); '286 Patent (8/11/2031).

[7] EPRs of litigated patents are "conducted with special dispatch within the Office" and "will have priority over all other cases." MPEP § 2261; *see also* 35 U.S.C. § 305.

## II.     FACTUAL BACKGROUND

Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd. are non-practicing entities that acquired the Asserted Patents in March 2023[8] from BlackBerry Limited.[9] Plaintiffs filed the present case two years later in May 2025. D.I. 1 (Complaint). The patent infringement claims are based on the use of open source software. D.I. 1 at ¶¶ 42-45.

Pursuant to Section II of this Court's Standing Order Governing Patent Proceedings, and Section III of Judge Gilliland's and Judge Albright's Waco Division standing order governing patent cases, discovery is stayed until after a *Markman* hearing. *See also* D.I. 44. Plaintiffs served preliminary infringement contentions on August 20, 2025; MARA served preliminary invalidity contentions on October 15, 2025. MARA served its opening claim construction brief on December 17, 2025, and Plaintiffs served a reply brief on January 14, 2026. Claim construction briefing is scheduled to complete on February 11, 2026, and a *Markman* hearing is scheduled for March 4, 2026. Trial is currently scheduled for March 1, 2027, approximately 14 months from now.

On January 5th and January 6th, 2026, EPR requests were filed against all Asserted Patents challenging all asserted claims. The table below identifies the EPR requests (the "Pending EPRs") along with the filing date the Patent Office accorded to each of the EPRs, the challenged claims, and the claims Malikie has asserted in this litigation:

---

[8] *See* Ex. 4 (*BlackBerry Announces New Patent Sale Transaction with Leading Patent Monetization Company for up to $900 Million*, PR NEWSWIRE (Mar. 21, 2023), *available at* https://web.archive.org/web/20230321110920/https://www.prnewswire.com/news-releases/blackberry-announces-new-patent-sale-transaction-with-leading-patent-monetization-company-for-up-to-900-million-301777185.html).

[9] Blackberry owned the asserted patents for more than a decade but never filed suit against MARA or the Bitcoin Core open source software. *See About BlackBerry Certicom*, CERTICOM (last visited Jan. 20, 2026), *available at* https://www.certicom.com/en/about (noting that Blackberry acquired Certicom, the original owner of the Asserted Patents, in 2009).

3

| Patent No. | EPR Control No. | Accorded Filing Date | Challenged Claims | Malikie Asserted Claims |
|---|---|---|---|---|
| 8,788,827 | 90/015,818 | 1/6/2026 | 1-13 | 1-5 |
| 8,666,062 | 90/015,819 | 1/6/2026 | 1-21 | 1-4, 6-7 |
| 7,372,960 | 90/015,820 | 1/6/2026 | 3, 6-9 | 3, 6 |
| 7,372,961 | 90/015,824 | 1/6/2026 | 1-8, 15-30 | 1-7 |
| 10,284,370 | 90/015,827 | 1/6/2026 | 1-11 | 1-5 |
| 8,532,286 | 90/015,830 | 1/5/2026 | 1-2, 5-11, 14-19, 22-25 | 1, 5, 6, 9 |

The Patent Office must decide whether to order reexamination within three months following the accorded filing date of the request for *ex parte* reexamination. 37 C.F.R. § 1.515(a) ("Within three months following the filing date of the request for ex parte reexamination, an examiner will consider the request and determine whether [to order reexamination]"). The Patent Office will order reexamination if "a substantial new question of patentability affecting any claim of the patent is raised by the request and the prior art cited therein." *Id*.; *see also* 37 C.F.R. § 1.525(a).

### III.   LEGAL STANDARD

"A district court has the inherent power to control its docket, including to stay proceedings before it." *Kirsch Research and Development, LLC v. IKO Industries, Inc.*, 6:20-cv-00317-ADA, 2021 WL 4555610, at *1 (W.D. Tex. Oct. 4, 2021) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Whether to stay a case is committed to the Court's sound discretion. *Id.* In deciding whether to stay a case pending resolution of PTO proceedings, courts will consider three factors: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Id.* at *2. Courts should generally stay cases where "the outcome of a

4

PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at *1 (citation omitted).

IV. **ARGUMENT**

All three factors considered by this District favor staying the case.

A. **A Stay Will Likely Simplify the Issues Before the Court**

The "most important factor in determining whether to grant a stay is whether the reexamination proceeding[s] will result in simplification of issues before the Court." *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-CV-00899, 2021 WL 8083373, at *3 (W.D. Tex. Dec. 7, 2021). Here, the six pending EPRs are highly likely to simplify issues in two ways: (1) at least some of the asserted claims are likely to be cancelled; and (2) review by the Patent Office will provide guidance regarding the scope of the claims.

*First*, at least some of the Asserted Claims will likely be cancelled in the pending EPRs, which would simplify issues before the Court. The USPTO's historical data on *ex parte* reexaminations through September 30, 2024, show that about 80% of *ex parte* reexaminations that reach certificate result in claims being amended or cancelled where the requester is a third party. Ex. 3 at 2. Moreover, because five of the six Asserted Patents have expired, the claims cannot be amended. 37 C.F.R. 1.530(j) ("No amendment may be proposed for entry in an expired patent."); *see also TC Tech.*, 2021 WL 8083373, at *3 ("[B]ecause the '488 Patent expired, it cannot be amended and can only be cancelled."). Thus, there is a substantial likelihood that at least some of the asserted claims will be cancelled. *See TC Tech.*, 2021 WL 8083373, at *3 ("[T]he likelihood of simplification is not purely hypothetical: [Defendant] notes that in 80% of *ex parte* reexaminations, the claims are cancelled or amended. And because the '488 Patent expired, it cannot be amended and can only be cancelled.") (internal citation omitted). And it is not necessary for all claims to be invalidated to warrant a stay. *See Quartz Auto Techs. v. Lyft, Inc.*, No. 1:20-

5

CV-719-LY, D.I. 125 at 3 (W.D. Tex. June 24, 2022) (granting stay where three of four asserted patents were subject to EPR); *cf. LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014) ("The standard is simplification of the district court case, not complete elimination of it by the PTAB.").

*Second*, even in the extremely unlikely scenario that none of the pending EPRs were to result in cancellation of any asserted claims, a stay would still provide "the benefit of the [Patent Office's] full and focused consideration of the effect of prior art on patents being asserted in litigation." *TC Tech.*, 2021 WL 8083373, at *3 (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)). Any statement that Plaintiffs make during reexamination about the meaning of the claims may be considered as part of claim construction and may give rise to prosecution disclaimers that limit the scope of the claims in litigation. *See Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266–67 (Fed. Cir. 2012) ("A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer."). Moreover, for the five patents that are expired, the Patent Office will apply the same *Phillips* standard for claim construction as district courts in interpreting claims. MPEP § 2258(I)(G) ("In a reexamination proceeding involving claims of an expired patent, claim construction pursuant to the principle set forth by the court in [*Phillips*] should be applied since the expired claim are not subject to amendment.").

Accordingly, a stay will very likely simplify the issues before the Court.

**B.     The Early Stage of the Case Favors a Stay**

The second factor is whether the proceedings "have reached an advanced stage." *TC Tech.*, 2021 WL 8083373 at *2. Courts often grant stays when "there remains a significant amount of work ahead for the parties and the court," and consider "whether discovery is complete and

6

whether a trial date has been set." *Norman IP Holdings, LLC v. TPLink Techs., Co.*, No. 6:13-CV-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014).

This case is undoubtedly in its early stages. The complaint was filed in May 2025. Fact discovery has not yet opened. No discovery requests have been served. Claim construction briefing is ongoing, and a *Markman* hearing is not scheduled until March 2026. Trial is scheduled for March 2027.

The Patent Office will determine whether to grant the Pending EPRs no later than April 6, 2026, and the Pending EPRs are likely to reach conclusion by the Patent Office before the Court's scheduled trial date. Based on ABA-compiled statistics from 2015 to 2022, the average pendency of reexaminations for litigated patents is just over 15 months (Ex. 1 at 15 (ABA stats)), which would result in the PTO reaching a decision shortly after the scheduled trial date. However, the average pendency time includes non-expired patents, wherein a patent owner can add new claims or amend existing claims, prolonging the reexamination. In this case, five of the six Asserted Patents have expired, so the challenged claims cannot be amended. For those five patents, the pending EPRs are likely to conclude earlier than the average pendency, and therefore, before the Court's scheduled trial date.

Accordingly, the early stage of litigation favors granting a stay.

### C.     Plaintiffs Will Suffer Minimal Prejudice

Under the third factor, courts consider "whether the stay will unduly prejudice the nonmoving party." *TC Tech.*, 2021 WL 8083373 at *2. Although a stay will inherently delay litigation, the "mere delay in collecting damages 'does not constitute undue prejudice.'" *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. 1-13-cv-00800, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 15, 2015); *see also TC Tech.*, 2021 WL 8083373 at *2 (finding that a patent owner's

"interest in the timely enforcement of its patent rights" alone is "insufficient to defeat a motion to stay" because "that interest is present in every case where patent owner resists a stay").

Plaintiffs cannot show undue prejudice. Plaintiffs do not practice any of the Asserted Patents, do not compete with MARA, and delayed over two years after acquiring the Asserted Patents to bring this lawsuit, which claims infringement based on open source software. Moreover, for five of the six Asserted Patents, Plaintiffs can only seek monetary damages for past infringement, as those five patents have expired. Plaintiffs have not sought a preliminary injunction on any of the Asserted Patents and cannot seek a permanent injunction on the five expired Asserted Patents.

Thus, to the extent Plaintiffs ultimately prevail in this litigation, they can be wholly compensated with monetary damages. *Quartz Auto Techs. v. Lyft, Inc.*, No. 1:20-CV-719-LY, D.I. 125 at 3 (W.D. Tex. June 24, 2022) (finding plaintiff's "ability to recover monetary damages" would be unaffected by a stay). Courts have previously found no undue prejudice to similarly situated parties in granting motions to stay pending reexamination. *E.g.*, *TC Tech.*, 2021 WL 8083373 at *2 (finding no undue prejudice for "patent assertion entity only seeking monetary relief on a patent that expired"); *Ravgen, Inc. v. Natera, Inc., et al.*, No. 1:20-CV-692-LY, D.I. 247 at 3 (W.D. Tex. May 31, 2022) (finding no undue prejudice where "[p]laintiff does not seek lost profits or preliminary injunctive relief").

Accordingly, Plaintiffs will not suffer undue prejudice by a stay pending resolution of the EPRs.

## V.   CONCLUSION

For the foregoing reasons, MARA respectfully request that the Court stay this action pending the final resolution of the pending EPRs.

| | |
|---|---|
| Dated: January 20, 2026 | Respectfully Submitted,<br><br>/s/ *Steve Wingard*<br>Steve Wingard<br>State Bar No. 00788694<br>swingard@scottdoug.com<br>Robert P. Earle<br>State Bar No. 241245566<br>rearle@scottdoug.com<br>Stephen L. Burbank<br>State Bar No. 24109672<br>sburbank@scottdoug.com<br>Scott Douglass & McConnico LLP<br>303 Colorado Street, Suite 2400<br>Austin, TX 78701-3234<br>Telephone: (512) 495-6300<br>Facsimile: (512) 495-6399<br><br>Anish R. Desai<br>Elizabeth S. Weiswasser<br>Ian A. Moore<br>Tom Yu<br>Thomas Macchio<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Sixth Avenue<br>New York, NY 10019<br>Telephone: (212) 373-3000<br><br>Christopher M. Pepe<br>W. Sutton Ansley<br>Priyata Patel<br>Eric C. Westerhold<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>2001 K Street NW<br>Washington, DC 20006<br>Telephone: (202) 223-7300<br><br>*Counsel for Defendant MARA Holdings, Inc.* |

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for MARA has conferred with counsel for Plaintiffs on January 15, 2026 in a good-faith effort to resolve the matter presented herein. Counsel for Plaintiffs stated on January 20, 2026 that Plaintiffs oppose the instant Motion.

/s/ *Steve Wingard*
Steve Wingard

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of Court on this the 20th day of January 2026.

/s/ *Steve Wingard*
Steve Wingard