IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MALIKIE INNOVATIONS LTD., KEY PATENT INNOVATIONS LTD.<br><br>    Plaintiffs,<br><br>    v.<br><br>MARA HOLDINGS, INC. (F/K/A MARATHON DIGITAL HOLDINGS, INC.)<br><br>    Defendant. | CASE NO. 7:25-CV-00222-DC-DTG |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO STAY PENDING EX PARTE REEXAMINATION**

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................................ 1

II.   BACKGROUND .................................................................................................................. 2

III.   ARGUMENT ....................................................................................................................... 3

    A.   A Stay Will Not Simplify Issues in This Case. ........................................................ 3

    B.   The stage of proceedings weighs against a stay. ..................................................... 7

    C.   A stay will unduly prejudice and tactically disadvantage Plaintiffs. ....................... 7

          i.   A stay will subject Plaintiffs to indefinite delay. ......................................... 8

          ii.   A stay will tactically disadvantage Plaintiffs. ........................................... 10

IV.   CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*BarTex Rsch., LLC v. FedEx Corp.*,
  611 F. Supp. 2d 647 (E.D. Tex. 2009) ........................................................................................9

*Columbia Ins. Co. v. Simpson Strong-Tie Co. Inc.*,
  703 F. Supp. 3d 1007 (N.D. Cal. 2023) .....................................................................................10

*EON Corp.IP Holdings, LLC v. Sensus USA Inc*,
  No. 6:09-CV-116, 2009 WL 9506927 (E.D. Tex. Dec. 18, 2009) ........................................8, 10

*In re Gesture Tech. Partners, LLC*,
  160 F.4th 1317 (Fed. Cir. 2025) ..................................................................................................4

*Gesture Tech. Partners, LLC v. Huawei Device Co.*,
  No. 2:21-CV-00040-JRG, 2022 WL 22883301 (E.D. Tex. Jan. 19, 2022) ..................................5

*Impinj, Inc. v. NXP USA, Inc.*,
  No. 6:21-CV-00530-ADA, 2023 WL 7476358 (W.D. Tex. May 18, 2023) .................5, 6, 8, 9

*Kahn v. Gen. Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989) ...................................................................................................8

*KIPB LLC v. Samsung Elecs. Co.*,
  No. 2:19-CV-00056-JRG-RSP, 2019 WL 6173365 (E.D. Tex. Nov. 20, 2019) ..................5, 10

*Longhorn HD LLC. v. NetScout Sys., Inc.*,
  No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022) ..................................9, 10

*Metalcraft of Mayville, Inc. v. The Toro Co.*,
  848 F.3d 1358 (Fed. Cir. 2017) ...................................................................................................9

*MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*,
  No. SA-14-CA-719, 2015 WL 11573771 (W.D. Tex. Jan. 5, 2015) ...........................................3

*Patlex Corp. v. Mossinghoff*,
  758 F.2d 594 (Fed. Cir. 1985) .....................................................................................................4

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
  702 F.3d 1351 (Fed. Cir. 2012) ...................................................................................................9

*Quartz Auto Techs. v. Lyft, Inc.*,
  No. 1:20-CV-719-LY, D.I. 125 (W.D. Tex. June 24, 2022) .......................................................8

*Radiant Vision Sys., LLC v. Admesy B.V.*,
 No. 1:21-CV-01115-DAE, 2024 WL 1079059 (W.D. Tex. Mar. 12, 2024) ............................. 3

*Sotera Wireless, Inc. v. Masimo Corp.*,
 No. IPR2020-01019, 2020 WL 7049373 (P.T.A.B. Dec. 1, 2020) ............................................ 5

*TC Tech. LLC v. T-Mobile USA, Inc.*,
 No. 6-20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) .............................. 2

*UNM Rainforest Innovations v. TP-Link Techs. Co.*,
 No. 6:19-CV-00262-ADA, 2023 WL 2638273 (W.D. Tex. Mar. 24, 2023) ............................ 8

*VideoShare, LLC v. Meta Platforms Inc.*,
 No. 6-21-CV-00254-ADA, 2022 WL 2718986 (W.D. Tex. July 12, 2022) .................. 3, 5, 6, 9

*Videoshare, LLC v. Meta Platforms Inc.* (*VideoShare II*),
 No. 6-21-CV-00254-ADA, 2022 WL 3142622 (W.D. Tex. Aug. 5, 2022) .............................. 6

## Regulations

37 C.F.R. § 1.515(a) ........................................................................................................................ 7

37 C.F.R. § 1.530(b) ....................................................................................................................... 3

## Other Authorities

M.P.E.P. § 2242(I) ......................................................................................................................... 4

M.P.E.P. § 2266 .............................................................................................................................. 6

I.  **INTRODUCTION**

Defendant MARA Holdings, Inc. seeks a premature, indefinite stay of this infringement suit pending resolution of six recently filed requests for *ex parte* reexamination ("EPR"). Defendant's motion should be denied.

First, Defendant's simplification arguments are speculative, and in any event, simplification is unlikely. It is conjecture to contend that EPR "will" simplify issues where, as here, five of six have not been granted and not a single Office Action rejecting any patent claim has issued. Even if the EPRs proceed to substantive prosecution, simplification is unlikely because there is no estoppel preventing Defendant from re-litigating any invalidity position before this Court. Defendant's cited statistics also show that given the number of patents and claims at issue, claims will be confirmed, meaning there will be a trial, whether or not the case is stayed. And because the average pendency of reexams that include an appeal to the Patent Trial and Appeal Board ("PTAB") (which will be the case here for any adverse determination) is over 27 months, a stay would last until roughly July 2028—*nearly a year and a half after this case is scheduled for trial*.

Second, this case is not in its early stages—considerable time and resources have already been expended. The parties have completed briefing on Defendant's Rule 12 motion, *see* Dkts. 38, 41, 43, begun source code review, and nearly completed claim construction briefing; the Court has set a *Markman* hearing for March 4, 2026, and trial for March 1, 2027. By the time the PTO issues a first office action on any EPR, fact discovery will be well underway, if not completed.

Third, a stay will severely prejudice Plaintiffs by indefinitely delaying enforcement of their valuable rights under the patents in suit—the result of pioneering work by globally renown companies Certicom Corp. and BlackBerry Ltd.—because there is no statutory deadline by which a reexam must be completed. Granting a stay also works a tactical disadvantage to Plaintiffs by

1

rewarding Defendant's delay in requesting EPR and giving it two bites at the invalidity apple. Finally, a stay will prevent Plaintiffs from challenging Defendant's voluminous factual allegations in support of the EPRs.

Defendant's heavy reliance on *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6-20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) is misplaced given the entirely different fact pattern. There, only one patent was in suit, an EPR had been granted on that patent six months earlier, and the United States Patent and Trademark Office ("PTO") had already issued an office action rejecting both asserted claims. *Id*. at *3. This case bears no resemblance: six patents are in suit; only one EPR has been granted review and that just happened recently (January 30); initial office actions are months away; and there are more than 90 claims across six patents (29 of which are at issue in this case) being challenged, making it statistically far more likely that there will be a patent trial even after the EPRs are concluded.

For these, and other reasons stated herein, the Court should deny Defendant's Motion.

## II.   BACKGROUND

The six patents asserted in this case—U.S. Patent Nos. 8,788,827; 10,284,370; 8,666,062; 7,372,960; 7,372,961; and 8,532,286—are the product of years of groundbreaking work by Certicom and BlackBerry, and the technologies they protect form a cornerstone of cryptographic applications, including the Bitcoin protocol. Am. Compl., Dkt. 36 ¶¶ 45, 48-49. Plaintiffs acquired these patents in May 2023 and are tasked with the responsibility of protecting these rights for the prior owner.

Since suit was filed in May 2025, the parties have expended significant resources litigating this case. Defendant's second motion to dismiss is fully briefed; the parties exchanged infringement and invalidity contentions; claim construction discovery, including expert declarations and depositions, is complete; and claim construction briefing has been exchanged and

will conclude February 11. The Court has appointed a technical advisor, and a *Markman* hearing is set for March 4. Fact discovery opens on March 5, and trial is set for March 1, 2027.

Defendant filed its requests for reexam on five patents on January 6, 2026 (ten months after receiving notice from Plaintiffs of its infringement, *see* Dkt. 36 ¶ 110, and two and a half months after serving invalidity contentions in this case). A third party filed a reexam request against a sixth patent on January 5. Only one request has been granted to date.[1]

## III. ARGUMENT

"[T]here is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *VideoShare, LLC v. Meta Platforms Inc.*, No. 6-21-CV-00254-ADA, 2022 WL 2718986, at *2-3 (W.D. Tex. July 12, 2022) (citation omitted). "The party seeking a stay bears the burden of showing that a stay is appropriate." *Radiant Vision Sys., LLC v. Admesy B.V.*, No. 1:21-CV-01115-DAE, 2024 WL 1079059, at *2 (W.D. Tex. Mar. 12, 2024). Courts typically consider three factors when determining whether to grant a stay: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question; and (3) whether litigation is at an early stage." *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). All three factors weigh against a stay.

### A. A Stay Will Not Simplify Issues in This Case.

Defendant's assertion that reexam will result in simplification of issues is pure guess work. The requests for reexam were only recently filed, and the threshold step (the PTO's decision

---

[1] The EPR request for patent number 8,532,286 (Control. No. 90/015,830) was granted on January 30, 2026. No office action can or will issue for months, *see* 37 C.F.R. § 1.530(b), making any initial views on the patentability of the claims a long while off.

whether to grant review) has only happened for one of the six EPRs. Even if all are eventually granted, those threshold decisions are uninformative.[2] There is no way to foresee *whether* any Office Action will issue[3]; *when* it may happen; *what* issues an Office Action may raise; or *whether* such issues will be germane to this case.[4] And any such information will not become available for a long and indeterminable period of time, as the PTO has no mandated timeline for EPRs.

Even if the EPRs proceed and office actions are issued, simplification remains unlikely. Without the limiting force of estoppel, nothing prevents Defendant from relitigating the same issues before this Court. And with six patents at issue, even if the PTO reexamines all 93 claims (29 of which are in this case), odds are at least some claims will be confirmed patentable, meaning the underlying litigation would not be resolved. There is also no real possibility that any (let alone all) of the EPRs will be completed before the March 2027 trial.

<u>First</u>, the PTO has only agreed to conduct one reexam at this point. Even if it grants the

---

[2] Statistics show the PTO grants requests to reexam more than 95% of the time, making the decision to review not useful in predicting whether the claims will ultimately be held patentable or not. Dkt. 54-2 at 7. Indeed, institution decisions are not a finding that a claim is invalid in view of the art. *See* M.P.E.P. § 2242(I) ("'[A] substantial new question of patentability' as to a patent claim could be present even if the examiner would not necessarily reject the claim as either fully anticipated by, or obvious in view of, the prior art patents or printed publication.").

[3] Five of the six patents are expired. If the PTO grants review, Plaintiffs will petition to terminate on grounds that the PTO lacks statutory authority to reexamine expired patents. *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 597-98 (Fed. Cir. 1985). To the extent Defendant argues that *In re Gesture Tech. Partners, LLC*, 160 F.4th 1317 (Fed. Cir. 2025) holds to the contrary, it did not. There the Federal Circuit rejected a Constitutional argument that Congress could not grant authority to the PTO to conduct EPRs because the Constitution assigned that power exclusively to Article III courts. Plaintiffs' argument is not that Congress could not grant such authority, but that it did not in fact do so.

[4] The reexams collectively challenge 93 claims, but only 29 claims are at issue here. It is possible that only non-asserted claims will be reexamined.

others, it will take months more to issue Office Actions.[5] Indeed, as "[i]t is particularly true that, prior to an Office Action issuing which rejects some or all of the asserted claims, any potential simplification of the issues is far too speculative to favor granting a stay," prematurity concerns are even more pressing here, where the threshold grant of reexam has yet to occur. *Gesture Tech. Partners, LLC v. Huawei Device Co.*, No. 2:21-CV-00040-JRG, 2022 WL 22883301, at *3 (E.D. Tex. Jan. 19, 2022). And because there are no statutes or regulations governing when the PTO must issue office actions, there is no telling when it will happen.

Second, unlike *inter partes* review ("IPR"), the outcome of an EPR does not bind Defendant. Defendant is not estopped from asserting invalidity grounds it raised or could have raised in the EPRs. As a result, courts regularly conclude that where a defendant has "not file[d] a *Sotera*-type stipulation agreeing to not relitigate the same issues in this case if the claims survive the *ex parte* reexamination"[6] (which Defendant has not done here), then reexam "do[es] not narrow the invalidity grounds available . . . and a stay would not simplify the issues." *Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-CV-00530-ADA, 2023 WL 7476358, at *5 (W.D. Tex. May 18, 2023); *VideoShare*, 2022 WL 2718986, at *5 (same); *see also e.g.*, *KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00056-JRG-RSP, 2019 WL 6173365, at *2 (E.D. Tex. Nov. 20, 2019).

Defendant also argues simplification will occur even if the challenged claims survive EPR because the Court could consider statements made in EPR during claim construction. Dkt. 54 at 6. But that cannot happen here because claim construction positions are already set in stone.

---

[5] EPRs involving four other of Plaintiffs' patents filed in the past year have seen no office actions issue for months – two have been pending for more than 6 months without activity and two for 3 months. There is no certainty as to when office actions will issue in any of them. *See* Ex. A.

[6] In a *Sotera*-type stipulation, a defendant agrees not to pursue "any ground raised or that could have been reasonably raised" before the PTO. *Sotera Wireless, Inc. v. Masimo Corp.*, No. IPR2020-01019, 2020 WL 7049373, at *5, *7 (P.T.A.B. Dec. 1, 2020).

Briefing is all but done, and the *Markman* hearing is in less than a month. If Defendant wanted to rely on statements made during EPR during claim construction, it should have filed EPRs long ago. And because the six patents concern the same general technology (cryptographic techniques used in Defendant's accused operations), and at least some claims are likely to be confirmed, little if any efficiency can be gained from a stay—the same discovery is needed regardless of whether some or all of the asserted claims move forward.

Third, trial begins on March 1, 2027. The reported average pendency of an EPR is 15 months after EPR is granted. Dkt. 54-2 at 6. Applying that here, the "USPTO will not complete the reexamination until after trial has occurred, so the reexamination decision will not arrive in time to simplify any issues for trial." *VideoShare*, 2022 WL 2718986, at *4; *see also Impinj*, 2023 WL 7476358, at *4 ("[T]he PTO is not projected to complete reexamination until … eleven months after trial. Thus, the reexamination decision will not arrive in time to simplify any issues for trial."). The more apposite statistic is the 27.33-month average pendency of cases appealed to the PTAB. Dkt. 54-2 at 11.[7] Assuming this, an EPR may conclude around September 2028 (a year and a half after trial).

Defendant claims that reexamination will be faster than average because five patents in suit have expired. But the statutory process for reexamination is the same whether a patent is expired or not. *See* M.P.E.P. § 2266 (explaining if the first office action is adverse, "the patent owner" may "reply and request reconsideration or further examination, with or without amendment."); *id* § 2269 ("The patent owner may respond to such Office action with or without amendment ….").[8] And, the patent owner may appeal to the PTAB, which increases the pendency. *Videoshare, LLC*

---

[7] Appeal to the Federal Circuit raises the average pendency to 48.55 months. Dkt. 54-2 at 11.

[8] Plaintiffs' inability to amend claims of expired patents also counsels *against* a stay because there is no risk that those claims will change during the EPR.

*v. Meta Platforms Inc.* (*VideoShare II*), No. 6-21-CV-00254-ADA, 2022 WL 3142622, at *2 (W.D. Tex. Aug. 5, 2022) (explaining statutory process for EPR and the significant time taken in each stage). This factor therefore weighs against a stay.

### B. The stage of proceedings weighs against a stay.

This case is well underway. In the nearly eight months since it was filed, the parties have briefed Defendant's two motions to dismiss, *see* Dkts. 17, 35, 36, 38, 41, 43; exchanged infringement and invalidity contentions; submitted expert declarations and conducted depositions for claim construction; very nearly completed claim construction briefing; and will submit technical tutorials in the next few weeks. The Court has appointed a technical advisor, Dkt. 56, and will hold a *Markman* hearing on March 4, Dkt. 50. Fact discovery opens on March 5 and closes September 16. *Id.* Trial is set for March 1, 2027. *Id.* None of the EPRs is likely to conclude until well *after* the scheduled trial date. The stage of the proceedings thus weighs against a stay.

### C. A stay will unduly prejudice and tactically disadvantage Plaintiffs.

The duration of an EPR is indefinite and often takes years to resolve. Only one of the six EPRs requested has been granted, and the PTO has until April 2026 to decide the rest. 37 C.F.R. § 1.515(a). Thereafter, the PTO can take whatever time it needs to complete a reexam, with no statutory limit. ABA statistics suggest an average pendency of 15 months, which Defendant claims would cause Plaintiffs only "minimal" prejudice. Dkt. 54 at 7. But because Plaintiffs intend to appeal any adverse determination, the actual average pendency climbs to 27 months. By this measure, Plaintiffs could face a 2.25-year delay *or more* before the EPRs are resolved.

Defendant's contention that "Plaintiffs cannot show undue prejudice" ignores the law and the facts. *Id.* at 8. Plaintiffs' business is partnering with technology pioneers, here BlackBerry and Certicom, to protect and license their important patented inventions. A stay would significantly delay their ability to protect these rights and would severely disrupt its business. A

stay at this juncture—some ten months after Defendant was notified of the patents, and two and a half months after serving invalidity contentions—would also tactically disadvantage Plaintiffs by allowing Defendant's prolonged infringement to continue, unchecked, for years more.  Plaintiffs would also be forced to defend against Defendant's multiple bites at the invalidity apple—first at the PTO and a second time here.  It would also prevent Plaintiffs from pursuing discovery into factual allegations made to the PTO through declarations Defendant put forward in the EPRs.

> **i.   A stay will subject Plaintiffs to indefinite delay.**

It is axiomatic that a patent holder "has an inherent interest in the timely enforcement of its patent rights." *Impinj*, 2023 WL 7476358, at *2.  Consistent with that interest, "recognition must be given to the strong public policy favoring expeditious resolution of litigation."  *Id.* (quoting *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989)).  Thus, when assessing a stay pending the resolution of another action "the court must consider the time expected for resolution of that case" and "must not" grant stays "of immoderate or indefinite duration."  *UNM Rainforest Innovations v. TP-Link Techs. Co.*, No. 6:19-CV-00262-ADA, 2023 WL 2638273, at *2 (W.D. Tex. Mar. 24, 2023).

A stay pending EPR would indefinitely delay Plaintiffs' enforcement of their patent rights.  Unlike IPR, once EPR is granted, it is not subject to a statutory deadline for completion, forcing Plaintiff to endure an open-ended pause.  *See EON Corp.IP Holdings, LLC v. Sensus USA Inc*, No. 6:09-CV-116, 2009 WL 9506927, at *3 n.2 (E.D. Tex. Dec. 18, 2009) ("At some point, the delay inherent in the reexamination process may be so lengthy as to constitute prejudice by itself.").

Defendant claims that Plaintiffs will not be prejudiced because their "'ability to recover money damages' would be unaffected by a stay."  Dkt. 54 at 8 (quoting *Quartz Auto Techs. v. Lyft, Inc.*, No. 1:20-CV-719-LY, D.I. 125 at 3 (W.D. Tex. June 24, 2022)).  But as this Court noted in

*VideoShare*, a patent holder's interest in the *timely* enforcement of its patent rights is not diminished "even when [it] has only sought monetary relief." *VideoShare*, 2022 WL 2718986 at *3. Considering the 25.7-month average pendency, the Court found delay would cause undue prejudice even though plaintiff was only entitled to damages. *VideoShare*, 2022 WL 2718986 at *2-3, *4; *see also Impinj*, 2023 WL 7476358 at *2 (similar). So too here.[9] Dkt. 54-4 at 3.

Accordingly, courts have "cautioned against such an argument" and "not[ed] that delaying a patentee's lawsuit where the patentee is not a direct competitor is far from non-prejudicial." *Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *2 n.3 (E.D. Tex. Jan. 6, 2022) (cleaned up). This caution is warranted—the mere ability to recover monetary damages does not mean that Plaintiffs will be made whole. *Cf. BarTex Rsch., LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 652 (E.D. Tex. 2009) ("Should [Defendant] be found to infringe the asserted patent in this litigation, damages alone may not fully compensate [non-practicing Plaintiff] for a lengthy delay resulting from reexamination."). Indeed, the Federal Circuit has recognized the "difficulties of protecting" a non-practicing patent holder's right to exclude "solely with monetary relief" because "a calculating infringer may [] decide to risk a delayed payment to obtain use of valuable property without prior negotiation or the owner's permission." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012). If infringers are able to delay or evade reckoning through indefinite EPRs filed well after notice of alleged infringement, a patent holder's rights (in Plaintiffs' case, its business) also suffer harm that is difficult to quantify. *See Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1368 (Fed. Cir. 2017) ("Where the injury cannot be quantified, no amount of money damages is calculable,

---

[9] Defendant's ABA data source confirms a similar average pendency (27.33 months when accounting for the PTAB appeal). Dkt. 54-2 at 11.

9

and therefore the harm cannot be adequately compensated").

### ii. A stay will tactically disadvantage Plaintiffs.

Plaintiffs would be tactically disadvantaged by a stay. Defendant delayed filing EPR requests until January 2026, despite having been aware of the patents since March 2025 and having served invalidity contentions regarding them in October 2025. *See Columbia Ins. Co. v. Simpson Strong-Tie Co. Inc.*, 703 F. Supp. 3d 1007, 1010 (N.D. Cal. 2023) (accounting for "the status of reexamination proceedings" and "the timing of the reexamination request" when considering prejudice). Claim construction briefing is nearly done and *Markman* will conclude before any office action issues. Discovery opens in a month and will close September 16, 2026 – quite possibly before any substantive action takes place in the EPRs. This "failure . . . to initiate an EPR until nine months" later would "bring about a substantial waste of resources if a stay lasting over two years were to be granted." *Longhorn HD*, 2022 WL 71652, at *2. And because EPR has no estoppel effect, "staying a case pending [EPR] could prejudice a plaintiff by allowing a defendant to 'have two bites at the invalidity apple.'" *EON Corp.IP Holdings*, 2009 WL 9506927, at *2; *KIPB LLC*, 2019 WL 6173365, at *3 (same).

Further, it should be noted that Defendant also filed lengthy fact and expert declarations in support of its EPRs. Exhibits B and C are examples of declarations submitted in one of the EPRs; similar declarations were filed in the other EPRs. By filing EPRs instead of IPRs, and then requesting a stay, Defendant hopes to remove all avenues for Plaintiffs to depose those declarants. Plaintiffs should be permitted to challenge those declarations, including through deposition, but can only do so through discovery in this case (the PTO does not provide for such discovery in EPR). Staying the case would disadvantage Plaintiffs by depriving them of these opportunities.

### IV. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion.

10

Dated: February 3, 2026                                  Respectfully Submitted,

                                                      */s/ Khue V. Hoang*
                                                      Khue V. Hoang
                                                      **REICHMAN JORGENSEN**
                                                             **LEHMAN & FELDBERG LLP**
                                                      650 Fifth Avenue, Suite 2320
                                                      New York, NY 10019
                                                      Tel: (212) 381-1965
                                                      khoang@reichmanjorgensen.com

                                                      Matthew G. Berkowitz
                                                      **REICHMAN JORGENSEN**
                                                             **LEHMAN & FELDBERG LLP**
                                                      100 Marine Parkway, Suite 300
                                                      Redwood Shores, CA 94065
                                                      Tel: (650) 623-1401
                                                      mberkowitz@reichmanjorgensen.com

                                                      Philip J. Eklem
                                                      **REICHMAN JORGENSEN**
                                                            **LEHMAN & FELDBERG LLP**
                                                      1909 K Street NW, Suite 800
                                                      Washington DC, 20006
                                                      Tel: (202) 894-7310
                                                      peklem@reichmanjorgensen.com

                                                      *Of Counsel*:

                                                      Mark D. Siegmund, TX Bar No. 24117055
                                                      **Cherry Johnson Siegmund James, PC**
                                                      7901 Fish Pond Rd., 2nd Floor
                                                      Waco, TX 76710
                                                      Telephone: (254) 732-2242
                                                      Facsimile: (866) 627-3509
                                                      Email: msiegmund@cjsjlaw.com

                                                      *Attorneys for Plaintiffs*
                                                      *Malikie Innovations, Ltd. and*
                                                      *Key Patent Innovations, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing Plaintiffs' Opposition to Defendant's Renewed Motion to Dismiss Under Rule 12(b)(6) via the Court's CM/ECF system on February 3, 2026.

/s/ *Mark D. Siegmund*
Mark D. Siegmund