# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| Malikie Innovations Ltd. and<br>Key Patent Innovations Ltd.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MARA Holdings, Inc. (f/k/a Marathon Digital Holdings, Inc.)<br><br>        Defendant. | Case No. 7:25-cv-00222 |

**DEFENDANT'S SUR-SURREPLY IN SUPPORT OF
MOTION TO STAY PENDING EX PARTE REEXAMINATION**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Environ Prods., Inc.* v. *Total Containment, Inc.*, 43 USPQ2d 1288 (E.D. Pa. 1997)......................2

**Statutes**

35 U.S.C. § 305................................................................................................................................1

**Other Authorities**

37 CFR 1.104..................................................................................................................................1

37 CFR 1.530(b)..............................................................................................................................2

37 CFR 1.550..................................................................................................................................1

37 CFR 1.550(b)..............................................................................................................................2

MPEP § 2001.06(c).........................................................................................................................2

MPEP § 2128 (1) ............................................................................................................................2

The PTO's decisions granting *ex parte* reexamination ("EPR") for the '960 and '062 Patents (D.I. 66-1, D.I. 66-2), which are the focus of Plaintiffs' Sur-reply (D.I. 70-2 ("Sur-reply")), do not require that discovery proceed in this case. The PTO has now issued decisions granting EPR of the '286, '827, '960, '062, and '370 Patents. D.I. 62, D.I. 66, D.I. 71. The Court should reject Plaintiffs' arguments and grant Defendant's motion to stay.

First, Plaintiffs claim that if this case were stayed, their inability to "obtain discovery on the [] declarations that Defendant submitted in support of its EPR requests," would result in a "tactical disadvantage." Sur-Reply at 1. To the contrary, Plaintiffs seek a tactical **advantage**. EPR procedure does not in any way allow or entitle patentees to conduct discovery. 35 U.S.C. § 305; CFR 1.550. Denying a stay so that Plaintiffs can use discovery from this case in the EPRs would waste judicial and party resources solely to afford Plaintiffs benefits not provided in EPRs. Indeed, Plaintiffs' cite no authority for the audacious claim that they are "entitled to discovery not provided for by the PTO's rules." Sur-Reply at 2. No applicable statute, case, or federal regulation requires that discovery proceed in a district court case concurrent with EPRs for the benefit of the plaintiff. Certainly no such authority exists supporting doing so when five of the six patents-in-suit are expired, EPRs have been granted on all but one patent-in-suit, and Plaintiffs delayed in filing the suit. Thus, the most efficient and equitable course would be to grant a stay.

Second, the PTO's decisions granting EPR of the '960 and '062 Patents do not justify proceeding through discovery. Plaintiffs point to the PTO's presumption of prior art status for "the 'Brown' reference" in granting EPR as an issue requiring discovery in the district court. Sur-Reply at 1. This argument belies a fundamental misunderstanding of PTO procedures. In both EPRs and original patent examination, the examiner determines the prior art status of all references used for the rejection of claims. *See* 37 CFR 1.104 ("Nature of examination"). Thus, it is ordinary and

1

routine for the examiner to determine the prior art status of Brown using solely the evidence submitted by requestor MARA and patentee Malikie.

Third, if a stay is granted, Plaintiffs have at least two opportunities to argue that Brown or any other reference does not qualify as prior art—(1) in an optional statement filed within two months of the EPR order; and (2) in response to an Office action. 37 CFR 1.530(b); 37 CFR 1.550(b). Plaintiffs may attach their own expert declaration on the issue. MPEP § 2128 (1). In contrast, Defendant has no involvement in the EPR after it has been granted (except a potential reply only if Plaintiffs choose to file an optional statement). Thus, Plaintiffs are not without recourse.

Finally, Plaintiffs cite MPEP § 2001.06(c) for the proposition that the PTO expects patentees to "bring material information that arises during discovery in a related litigation to its attention." Sur-Reply at 2. But this expectation has no bearing on whether this case should be stayed. MPEP § 2001.06(c) addresses the ***patentee's*** duty to disclose to the PTO any material information related to patentability. *See* MPEP § 2001.06(c) (citing *Environ Prods., Inc.* v. *Total Containment, Inc*., 43 USPQ2d 1288, 1291 (E.D. Pa. 1997) (inequitable conduct case addressing the patentee's "uncompromising duty to prosecute patent applications before the PTO with candor and good faith.")). It does not impart a right on the patentee to obtain information not normally available in PTO procedures from a ***third party requester*** merely due to the existence of related litigation. A stay would have no effect on Plaintiffs' duty of candor to the PTO during reexamination proceedings.

Therefore, MARA respectfully requests that the Court grant its motion to stay.

2

Dated: February 20, 2026                    Respectfully Submitted,

/s/ *Anish Desai*
Anish R. Desai
Elizabeth S. Weiswasser
Catherine Nyarady
Ian A. Moore
Tom Yu
Thomas Macchio
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Sixth Avenue
New York, NY 10019
Telephone: (212) 373-3000

Christopher M. Pepe
W. Sutton Ansley
Priyata Patel
Eric C. Westerhold
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 223-7300

Steve Wingard
State Bar No. 00788694
swingard@scottdoug.com
Robert P. Earle
State Bar No. 241245566
rearle@scottdoug.com
Stephen L. Burbank
State Bar No. 24109672
sburbank@scottdoug.com
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701-3234
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

*Counsel for Defendant MARA Holdings, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of Court on this the 20th day of February, 2026.

                                            /s/ Anish Desai
                                            Anish R. Desai