IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **Malikie Innovations Ltd. and Key Patent Innovations Ltd.,** *Plaintiff,* | § § § § § § § § § § § § | |
| *v.* | | **CASE NO. 7:25-CV-00222-DC** |
| **MARA Holdings, Inc. (f/k/a Marathon Digital Holdings, Inc.),** *Defendant,* | | |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 38]

Before the Court is the defendant MARA Holdings, Inc.'s Renewed Motion to Dismiss Under Rule 12(B)(6). Dkt. No. 38. The motion is fully briefed. *See* Dkt. No. 41; Dkt. No. 43. After careful consideration of the briefs, the exhibits, the arguments of counsel, and the applicable law, the Court finds a hearing unnecessary. The Motion is **DENIED** for the reasons that follow.

### I.  BACKGROUND

The plaintiffs initiated this patent infringement suit on May 12, 2025. Dkt. No. 1. That complaint asserted six patent infringement claims against the defendant. Each claim asserted infringement of a different patent against the defendant's hardware or software that complied with the Bitcoin protocol. For each claim, the plaintiffs attached an exemplary infringement chart.

In response, the defendant moved to dismiss claim 6 of the Original Complaint. Dkt. No. 17. Claim 6 asserted infringement of United States Patent Number 8,532,286. Instead of responding to the motion, the plaintiffs filed their First Amended Complaint on July 25,

2025. Dkt. No. 36. Claim 6 of the First Amended Complaint continued to assert infringement of the '286 patent. *Id.* ¶¶ 143-147.

The defendant again moved to dismiss claim 6 of the First Amended Complaint. Dkt. No. 38. The defendant contends that all the claims in the '286 patent, which is the patent at issue in claim 6, require "computing a modified operand using a reduction value . . . to perform a replacement of a least significant word of the operand." *Id.* at 1. The defendant labels this requirement the Reduction Value Limitation. *Id.* It contends that the source code referenced in the First Amended Complaint fails to disclose this claim element. *Id.* The defendant further contends that taking all the plaintiffs' allegations as true, it has failed to plausibly plead infringement of that limitation. *Id.*

## II.  LEGAL STANDARD

To survive the defendant's motion to dismiss under Rule 12(b)(6), the plaintiff's complaint needs to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff meets this standard if the facts as plead allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Simply reciting claim elements or making conclusory allegations are insufficient to meet this standard. *See Textile Comput. Sys., Inc. v. Broadway Nat'l Bank*, 620 F.Supp.3d 557, 561–62 (W.D. Tex. 2022). In the context of a patent case, this requires the plaintiff to allege enough facts to put "a potential infringer . . . on notice of what activity or device is being accused of infringement." *Bot M8,*

*LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citations omitted).[1] A plaintiff is not required to "prove its case at the pleading stage" and "is not required to plead infringement on an element-by-element basis." *Id.* When deciding this motion, the Court takes all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

### III. ANALYSIS

The defendant's motion analyzes the plaintiffs' infringement allegations for the '286 patent in great detail. The motion describes in detail how it claims the source code cited in the plaintiffs' exemplary infringement chart operates. Dkt. No. 38 at 10-12. The motion also compares the claim language and the accused source code to the '286 patent specification, focusing on what the defendant contends is the point of novelty for that patent. *Id.* at 2-5, 8. Based on this detailed interpretation of the source code and analysis of the '286 patent specification, the defendant contends that the plaintiffs' infringement allegations for the '286 patent are implausible. The defendant's motion is effectively a motion for summary judgement based on the pleadings.

The defendant's motion contends that the plaintiff's claim chart shows the opposite of what is required for infringement. Specifically, the defendant contends that under its reading of the '286 patent and the prosecution history, the point of novelty of the '286 patent is the requirement of "computing a modified operand using a reduction value . . . to

---

[1] Before December 1, 2015, when Fed. R. Civ. P. 84 and Form 18 were abrogated, "Form 18 in the Appendix of Forms provided a form adequate to plead a direct infringement patent claim." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018) (citing *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)). Now that Form 18 has been eliminated, the pleading standard for direct infringement is governed by *Twombly* and *Iqbal*. *See Golden*, 819 F. App'x at 930–31.

perform a replacement of a least significant word of the operand." Dkt. No. 38 at 1, 7-8. The defendant also contends that the plaintiff fails to connect the source code in its claim chart to the "computing a modified operand . . ." limitation. *Id.* at 10. It also interprets the operation of the source code provided in the plaintiff's chart to dispute that the code satisfies the requirements of the "computing a modified operand . . ." limitation. *Id.* at 11-12. Based on its interpretation of the source code and the claim language, the defendant contends that there is no basis to accuse it of infringement. *Id.* at 12.

The defendant's response continues the same argument. It contends that the plaintiff's response raises arguments not contained in the First Amended Complaint. It then dives even deeper into the analysis of the source code underlying the plaintiff's allegations. Dkt. No. 43 at 2-3 n.1 (alleging that arguments concerning "p[0]" and "m[0]" are new and citing source code pulled from the Github repository to dispute those allegations).

The defendant's motion and reply demonstrate the sufficiency of the First Amended Complaint. The defendant argues the point of novelty and a proper interpretation and application of claim element 1b. As noted by the plaintiff, interpreting a patent—especially its "point of novelty" as advocated by the defendant—by delving into the prosecution history is engaging in claim construction. Dkt. No. 41 at 12 (citing *Fintiv, Inc. v. PayPal Holdings, Inc.*, No. 6:22-CV-288-ADA, 2022 WL 22870185, at *5 (W.D. Tex. Dec. 19, 2022)). Additionally, the defendant further invites the Court to engage in analysis of source code, which is a topic beyond the understanding of a lay person and requiring expert testimony or support. *See* Dkt. No. 43 at 2-3 (arguing that "p" and "m" are variables and not arrays); Fed. R. Evid. 702 (permitting those with specialized knowledge that will help the fact finder). The

defendant's ability to analyze the patent and compare source code comments from the First Amended Complaint to source code from the GitHub repository indicate that the defendant is fully apprised of the plaintiff's infringement allegations. *See Sensor Elec. Tech., Inc. v. Lite-On Tech. Corp.*, No. 6:21-CV-322-ADA, 2022 WL 22879658, at *5 (W.D. Tex. Aug. 22, 2022) (holding that a court is not to evaluate the plaintiff's likelihood of success at the pleading stage and that a factual dispute should not be resolved at the pleading stage). The Court also finds the references to "p[0]" and "m[0]" in the response are not new arguments as both items are identified in the claim chart attached to the First Amended Complaint. Dkt. No. 36-12 at 10. First, the chart identifies "l" as an exemplary operand and a least significant word as one having an index value of "0." *Id.* It then includes source code comments that assign "r[0" to "m[0" to "l[0". *Id.* at 11. Those references were plainly included in the First Amended Complaint.

Finally, the defendant's argument that the source code comments contradict the actual code is unpersuasive. The defendant points to source code pulled from a GitHub repository and contends that it proves that "p[0]" and "m[0]" are not arrays but variables. *See* Dkt. No. 43 at 2. The defendant concede that the comments included in the chart refer to these arrays—"m[0..6]" and "p[0..4]." *Id.* The defendant argues that those comments are contradicted by the executable code that it downloaded from the GitHub repository, which allegedly refers to variables "m0" and "p0." *Id.* This alleged contradiction requires an ability to read and understand the twenty-one pages of source code attached to the defendant's reply—to which the plaintiff has not had an opportunity to reply. *Id.* at 2-3; Dkt. No. 43-1. Rather than affirmatively proving a lack of infringement at the pleading stage, this alleged

5

conflict demonstrates a need for discovery and expert testimony, which underscores the adequacy of the First Amended Complaint.

The defendant relies heavily on a prior opinion from this District. Dkt. No. 38 at 7-9 (citing *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022)); Dkt. No. 9-10. Unlike the plaintiff in *Micron*, however, the plaintiff here has provided detailed claim charts that map the '286 claim elements to preliminary evidence to demonstrate how the plaintiff contends that the defendant infringes the '286 patent. *Micron*, 2022 WL 23469, at *4, 6 (noting that the cited document failed to contain enough specificity to satisfy the claim limitation and that the complaint in that case required the defendant to review every cited exhibit and correctly identify the relevant subset to map infringement); Dkt. No. 36-12. While a party is not required to provide this level of detail in its complaint, the plaintiff has provided sufficient allegations to plausibly state a claim. *See Bot M8*, 4 F.4th 1356 (reversing dismissal of two patent claims for demanding too much of a plaintiff at the pleading stage). Additionally, the defendant in *Micron* did not invite the Court to engage in source code evaluation as the defendant does here. The Court finds *Micron* inapplicable to the present case.

For these reasons, the defendant's motion to dismiss is **DENIED**.

It is so **ORDERED**.

SIGNED this 10th day of March, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE