IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MALIKIE INNOVATIONS LTD., KEY PATENT INNOVATIONS LTD. <br><br> Plaintiffs, <br><br> v. <br><br> MARA HOLDINGS, INC. (F/K/A MARATHON DIGITAL HOLDINGS, INC <br><br> Defendant. | CASE NO. 7:25-cv-00222-DC-DTG <br><br> JURY TRIAL DEMANDED |

**DEFENDANT MARA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendant MARA Holdings, Inc. ("MARA" or "Defendant") files this Answer to Plaintiffs Malikie Innovations LTD., and Key Patent Innovations LTD. (collectively, "Plaintiffs")' First Amended Complaint for Patent Infringement (the "First Amended Complaint" or "FAC").  Dkt. No. 36. In addition, MARA hereby asserts counterclaims for a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 8,788,827 (the "'827 Patent"); 10,284,370 (the "'370 Patent"); 8,666,062 (the '062 Patent"); 7,372,960 (the "'960 patent"); 7,372,961 (the "'961 patent"); and 8,532,286 (the "'286 Patent") (collectively, the "Asserted Patents").

**THE PARTIES**

1.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the FAC and, therefore, denies them.

2.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the FAC and, therefore, denies them.

3.    MARA admits that it is a Nevada corporation.  MARA has a principle place of business located at 1010 S Federal Hwy., Suite 2700, Hallandale Beach, Florida 33009.  MARA admits that

1

it maintains facilities in Texas, including within this district, and in other states.  MARA also admits that it owns and operates the website located at www.mara.com.

## NATURE OF THE ACTION

4.     MARA admits that Plaintiffs filed an action for alleged patent infringement against MARA pursuant to Title 35 of the United States Code.

5.     MARA denies the allegations in Paragraph 5, including that this case centers on ground-breaking innovations in elliptic curve cryptography and any allegation that Bitcoin incorporates technology covered by the Asserted Patents or that MARA infringes any valid and enforceable claim of the Asserted Patents.

6.     MARA denies that Plaintiffs are entitled to any damages or injunctive relief.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and, therefore, denies them.

## PLAINTIFFS' ALLEGED FACTS COMMON TO ALL CLAIMS

7.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the FAC and, therefore, denies them.

8.     MARA admits that Bitcoin is one of the first and most well-known cryptocurrencies, and further admits that there are many other cryptocurrencies to date including Ethereum, Tether, and Solana.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the FAC and, therefore, denies them.

9.     MARA denies that Bitcoin uses cryptographic technology covered by any of the Asserted Patents.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the FAC and, therefore, denies them.

10.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the FAC and, therefore, denies them.

2

11.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the FAC and, therefore, denies them.

12.    MARA admits that a digital signature is a cryptographic tool for verifying the authenticity of digital data and its integrity.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the FAC and, therefore, denies them.

13.    MARA admits that the acronym "ECC" stands for elliptic curve cryptography.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the FAC and, therefore, denies them.

14.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the FAC and, therefore, denies them.

15.    MARA admits that Bitcoin uses the elliptic curve digital signature algorithm ("ECDSA") with parameters known as "secp256k1."  MARA further admits that secp256k1 is defined in a Standards for Efficient Cryptography (SEC) specification titled "SEC 2: Recommended Elliptic Curve Domain Parameters" (Version 2.0, Jan. 2010).  MARA further admits that Dan Brown is listed as a co-inventor on the face of the '827 Patent, the '370 Patent, and the '961 Patents.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the FAC and, therefore, denies them.

16.    MARA admits that Plaintiffs contend that Certicom founded the SECG in 1998.  MARA further admits that secg.org states that the purpose of SECG is "to develop commercial standards that facilitate the adoption of efficient cryptography and interoperability across a wide range of computing platforms."  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the FAC and, therefore, denies them.

17.     MARA admits that Plaintiffs contend that Certicom drove a standards effort for ECC. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the FAC and, therefore, denies them.

18.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the FAC and, therefore, denies them.

19.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the FAC and, therefore, denies them.

20.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the FAC and, therefore, denies them.

21.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the FAC and, therefore, denies them.

22.     MARA admits that the reference implementation of the Bitcoin protocol is known as "Bitcoin Core."  MARA further admits that Bitcoin Core includes code for using ECDSA with secp256k1.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the FAC and, therefore, denies them

23.     MARA denies the allegations in Paragraph 23.

24.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the FAC and, therefore, denies them.

25.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the FAC and, therefore, denies them.

26.     MARA admits that the term "cryptocurrency," or "crypto" can refer to digital money. MARA further admits that Bitcoin uses "blockchain" technology.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the FAC and, therefore, denies them.

27.    MARA admits that cryptocurrencies can rely on concepts from cryptography and computer science.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the FAC and, therefore, denies them.

28.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the FAC and, therefore, denies them.

29.    MARA admits that a cryptocurrency transaction can generally involve several steps to transfer crypto from the sender's digital wallet to the receiver's digital wallet, and can include the creation of a digital signature to authorize the transaction.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the FAC and, therefore, denies them.

30.    MARA admits that a cryptocurrency "wallet" can be software used to store cryptographic keys that enable interaction with a blockchain network and the execution of cryptocurrency transactions, or hardware, such as a USB drive wallet.  MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the FAC and, therefore, denies them.

31.    MARA admits that private keys and public keys can be used in cryptocurrency transactions and are used in asymmetric cryptography.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the FAC and, therefore, denies them.

32.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the FAC and, therefore, denies them.

33.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the FAC and, therefore, denies them.

34.    MARA admits that Bitcoin utilizes "blockchain" technology, which is a distributed

5

database containing a ledger that records previous transactions. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the FAC and, therefore, denies them.

35. MARA admits that a blockchain network can include a number of distributed computers called "nodes," and that valid transactions are collected into a "block" with a unique hash value. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the FAC and, therefore, denies them.

36. MARA admits that each new block in the Bitcoin blockchain depends on the information from all previous blocks. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the FAC and, therefore, denies them.

37. MARA admits that Bitcoin uses a "proof of work" consensus mechanism, in which "miners" race to solve a cryptographic math problem for determining a hash value associated with a particular block of transactions. MARA further admits that the miner who solves the problem for the new block is rewarded with compensation. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the FAC and, therefore, denies them.

38. MARA admits that it operates multiple mining facilities in the United States that utilize Bitcoin miners. To the extent Paragraph 38 relies on publicly available documents, MARA admits only that such materials exist, but denies Plaintiffs' characterization of those materials or any allegation that MARA's activities are infringing or otherwise improper.

39. MARA admits that it operates bitcoin mining facilities in Texas. To the extent Paragraph 39 relies on publicly available documents, MARA admits only that such materials exist, but denies Plaintiffs' characterization of those materials or any allegation that MARA's activities

are infringing or otherwise improper.

40.    MARA admits that Paragraph 40 of the FAC quotes from MARA's 2025 10-K.

41.    MARA admits that Paragraph 41 of the FAC quotes from MARA's 2025 10-K.  To the extent Paragraph 41 relies on publicly available documents, MARA admits only that such materials exist, but denies Plaintiffs' characterization of those materials or any allegation that MARA's activities are infringing or otherwise improper.

42.    MARA admits that it has engaged in bitcoin mining activities since 2018 and continues to do so.  MARA admits that the excerpted quotes are from MARA's 2025 10-K. To the extent Paragraph 42 relies on publicly available documents, MARA admits only that such materials exist, but denies Plaintiffs' characterization of those materials or any allegation that MARA's activities are infringing or otherwise improper.

43.    MARA denies that it generates and has generated digital signatures, including those consistent with the Bitcoin protocol using ECDSA and secp256k1.  To the extent Paragraph 43 relies on publicly available documents, MARA admits only that such materials exist, but denies Plaintiffs' characterization of those materials or any allegation that MARA's activities are infringing or otherwise improper.

44.    MARA admits that Paragraph 44 of the FAC quotes from MARA's 2025 10-K.  To the extent Paragraph 44 relies on publicly available documents, MARA admits only that such materials exist, but denies Plaintiffs' characterization of those materials or any allegation that MARA's activities are infringing or otherwise improper.  MARA denies that it regularly transfers digital assets to or from other entities, including vendors, consultants, and service providers and denies the remaining allegations in Paragraph 44 of the FAC.

45.    MARA denies that it began engaging in the foregoing infringing activities years after Certicom and Blackberry invented and received patents covering the ECC technologies at issue in

7

this action.  MARA denies that it has infringed and continues to infringe the Asserted Patents. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the FAC and, therefore, denies them.

46.     MARA denies that the accused activities constitute important components of MARA's core business, its "major" or "central" operations, and its general source of revenue.  To the extent Paragraph 46 relies on publicly available documents, MARA admits only that such materials exist, but denies Plaintiffs' characterization of those materials or any allegation that MARA's activities are infringing or otherwise improper.

## PATENTS IN SUIT

47.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the FAC and, therefore, denies them.

48.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the FAC and, therefore, denies them.

49.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the FAC and, therefore, denies them.

### The "Accelerated Verification Patents" ('827, '370)

50.     MARA incorporates its responses from the preceding paragraphs herein.

51.     MARA admits that Exhibit 1 to the FAC is what Plaintiffs purport to be a true and correct copy of the '827 Patent.  MARA admits that the cover page of the '827 Patent, entitled "Accelerated Verification of Digital Signatures and Public Keys," states that it was issued on July 22, 2014 and also states that the application for the '827 Patent was filed on September 14, 2012. MARA further admits that the '827 Patent purports to claim the benefit of priority to the provisional application filed on January 18, 2005.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the FAC

and, therefore, denies them.

52.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the FAC and, therefore, denies them.

53.     MARA admits that Exhibit 2 to the FAC is what Plaintiffs purport to be a true and correct copy of the '370 Patent.  MARA admits that the cover page of the '370 Patent, entitled "Accelerated Verification of Digital Signatures and Public Keys," states that it was issued on May 7, 2019 and also states that the application for the '370 Patent was filed on June 27, 2014 as a continuation of the '827 Patent. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the FAC and, therefore, denies them.

54.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the FAC and, therefore, denies them.

55.     MARA admits that the '827 Patent and '370 Patent share the same title.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the FAC and, therefore, denies them.

56.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the FAC and, therefore, denies them.

57.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the FAC and, therefore, denies them.

58.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the FAC and, therefore, denies them.

59.     MARA admits that the quoted language appears in the '827 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 of the FAC and, therefore, denies them.

60.     MARA admits that the quoted language appears in the '827 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 of the FAC and, therefore, denies them.

61.     MARA admits that the quoted language appears in the '827 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the FAC and, therefore, denies them.

62.     MARA admits that the quoted language appears in the '827 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of the FAC and, therefore, denies them.

63.     MARA admits that the quoted language appears in the '827 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of the FAC and, therefore, denies them.

64.     MARA admits that the quoted language appears in the '827 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of the FAC and, therefore, denies them.

65.     MARA admits that the quoted language appears in the '827 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 of the FAC and, therefore, denies them.

66.     MARA admits that the quoted language appears in the '827 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 of the FAC and, therefore, denies them.

67.     MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the FAC and, therefore, denies them.

68.     MARA is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 68 of the FAC and, therefore, denies them.

### The "Finite Field Engine Patents" ('960 and '062)

69.    MARA incorporates its responses from the preceding paragraphs herein.

70.    MARA admits that Exhibit 3 to the FAC is what Plaintiffs purport to be a true and correct copy of the '960 Patent.  MARA admits that the cover page of the '960 Patent, entitled "Method and Apparatus for Performing Finite Field Calculations," states that it was issued on May 13, 2008 and also states that the application for the '960 Patent was filed on January 29, 2002. MARA further admits that the '960 Patent purports to claim the benefit of priority to the provisional applications filed on December 31, 2001.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 of the FAC and, therefore, denies them.

71.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the FAC and, therefore, denies them.

72.    MARA admits that Exhibit 4 to the FAC is what Plaintiffs purport to be a true and correct copy of the '062 Patent.  MARA admits that the cover page of the '062 Patent, entitled "Method and Apparatus for Performing Finite Field Calculations," states that it was issued on March 4, 2014 and also states that the application for the '062 Patent was filed on April 11, 2008 as a continuation of the '960 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 of the FAC and, therefore, denies them.

73.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the FAC and, therefore, denies them.

74.    MARA admits that the '960 Patent and '062 Patent share the same title.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining

11

allegations in Paragraph 74 of the FAC and, therefore, denies them.

75.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the FAC and, therefore, denies them.

76.    MARA admits that the quoted language appears in the '960 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 of the FAC and, therefore, denies them.

77.    MARA admits that the quoted language appears in the '960 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 of the FAC and, therefore, denies them.

78.    MARA admits that the quoted language appears in the '960 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78 of the FAC and, therefore, denies them.

79.    MARA admits that the quoted language appears in the '960 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 of the FAC and, therefore, denies them.

80.    MARA admits that the quoted language appears in the '960 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 of the FAC and, therefore, denies them.

81.    MARA admits that the quoted language appears in the '960 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 of the FAC and, therefore, denies them.

82.    MARA admits that the quoted language appears in the '960 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 of the FAC and, therefore, denies them.

83.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the FAC and, therefore, denies them.

84.    MARA admits that the quoted language appears in the '960 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 of the FAC and, therefore, denies them.

85.    MARA admits that the quoted language appears in the '960 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 of the FAC and, therefore, denies them.

### The "Ephemeral Key Generation" Patent ('961)

86.    MARA incorporates its responses from the preceding paragraphs herein.

87.    MARA admits that Exhibit 5 to the FAC is what Plaintiffs purport to be a true and correct copy of the '961 Patent.  MARA admits that the cover page of the '961 Patent, entitled "Method of Public Key Generation," states that it was issued on May 13, 2008 and also states that the application for the '961 Patent was filed on December 26, 2001.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 of the FAC and, therefore, denies them.

88.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the FAC and, therefore, denies them.

89.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the FAC and, therefore, denies them.

90.    MARA admits that the quoted language appears in the '961 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 of the FAC and, therefore, denies them.

91.    MARA admits that the quoted language appears in the '961 Patent.  MARA is without

13

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 of the FAC and, therefore, denies them.

92.    MARA admits that the quoted language appears in the '961 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 of the FAC and, therefore, denies them.

93.    MARA admits that the quoted language appears in the '961 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 of the FAC and, therefore, denies them.

94.    MARA admits that the quoted language appears in the '961 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 of the FAC and, therefore, denies them.

95.    MARA admits that the quoted language appears in the '961 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 of the FAC and, therefore, denies them.

96.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the FAC and, therefore, denies them.

97.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the FAC and, therefore, denies them.

### The "Improved Modular Reduction" Patent ('286)

98.    MARA incorporates its responses from the preceding paragraphs herein.

99.    MARA admits that Exhibit 6 to the FAC is what Plaintiffs purport to be a true and correct copy of the '286 Patent.  MARA admits that cover page of the '286 Patent, entitled "System and Method for Reducing the Computation and Storage Requirements for a Montgomery-Style Reduction," states that it was issued on September 10, 2013 and also states that the application for

14

the '286 Patent was filed on July 19, 2010. MARA further admits that the '286 Patent purports to claim the benefit of priority to the provisional applications filed on July 17, 2009. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the FAC and, therefore, denies them.

100. MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the FAC and, therefore, denies them.

101. MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the FAC and, therefore, denies them.

102. MARA admits that the quoted language appears in the '286 Patent. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 of the FAC and, therefore, denies them.

103. MARA admits that the quoted language appears in the '286 Patent. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 of the FAC and, therefore, denies them.

104. MARA admits that the quoted language appears in the '286 Patent. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the FAC and, therefore, denies them.

105. MARA admits that the quoted language appears in the '286 Patent. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 of the FAC and, therefore, denies them.

106. MARA admits that the quoted language appears in the '286 Patent. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 of the FAC and, therefore, denies them.

107. MARA admits that the quoted language appears in the '286 Patent. MARA is without

15

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 of the FAC and, therefore, denies them.

108.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the FAC and, therefore, denies them.

109.    MARA admits that the quoted language appears in the '286 Patent.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109 of the FAC and, therefore, denies them.

110.    MARA denies that it received a letter from Malikie on or about March 28, 2025. MARA admits that it received a letter dated April 18, 2025 from Malikie, which identified the Asserted Patents and other patents.  Plaintiffs then promptly brought suit on May 12, 2025, less than a month after MARA received Malikie's letter,  prior to any response from MARA.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 of the FAC and, therefore, denies them.

111.    MARA denies that it refused to respond to Malikie's attempt to engage in licensing discussions.  MARA further denies that it has engaged in unauthorized use of Malikie's patents and denies that Plaintiffs are entitled to any compensation or an injunction.  MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111 of the FAC and, therefore, denies them.

### JURISDICTION AND VENUE

112.    MARA incorporates its responses from the preceding paragraphs herein.

113.    MARA admits that this is a civil action arising under the patent laws of the United States and that the Court has subject matter jurisdiction.  Except as expressly admitted, MARA denies any remaining allegations in Paragraph 113 of the FAC.

114.    MARA admits that this Court has personal jurisdiction over it, but denies that MARA

has infringed Plaintiffs' patents or engaged in any improper conduct in the State of Texas giving rise to the claims asserted in this action. Except as expressly admitted, MARA denies any remaining allegations in Paragraph 114 of the FAC.

115. MARA admits that it operates a bitcoin mining facility in Texas, including McCamey, Texas, which is in this Judicial District. MARA further admits that it owns and/or operates bitcoin mining facilities in Garden City, Texas, Granbury, Texas, Hansford County, Texas, and Hearne, Texas. To the extent Paragraph 115 relies on publicly available documents, MARA admits only that such materials exist, but denies Plaintiffs' characterization of those materials or any allegation that MARA's activities are infringing or otherwise improper. MARA denies any remaining allegations in Paragraph 115 of the FAC.

116. MARA admits that it is a member of the Texas Blockchain Council. MARA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 of the FAC and, therefore, denies them.

117. MARA denies that it has infringed and continues to infringe the Asserted Patents. Paragraph 117 contains conclusions of law to which no response is required./ To the extent a response is deemed necessary, MARA denies the allegations in Paragraph 117 of the FAC.

118. MARA admits that this Court has personal jurisdiction over it. MARA denies any remaining allegations in Paragraph 118 of the FAC.

119. MARA admits that venue is proper in this District. MARA denies any remaining allegations in Paragraph 119 of the FAC.

120. MARA admits that it owns and operates bitcoin mining facilities in McCamey, Texas and Hearne, Texas. MARA denies that it has infringed and continues to infringe the Asserted Patents. The remainder of Paragraph 120 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, MARA denies the remaining allegations

in Paragraph 120 of the FAC.

## CLAIMS FOR INFRINGEMENT

### FIRST CLAIM
### (Alleged Infringement of the '827 Patent)

121.    MARA incorporates its responses from the preceding paragraphs herein.

122.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the FAC and, therefore, denies them.

123.    MARA denies the allegations in Paragraph 123 of the FAC.

124.    Paragraph 124 contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, MARA denies the allegations in Paragraph 124 of the FAC, including any allegations contained in Exhibit 7 to the FAC.

125.    Paragraph 125 contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, MARA denies the allegations in Paragraph 125 of the FAC.

### SECOND CLAIM
### (Alleged Infringement of the '370 Patent)

126.    MARA incorporates its responses from the preceding paragraphs herein.

127.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the FAC and, therefore, denies them.

128.    MARA denies the allegations in Paragraph 128 of the FAC.

129.    Paragraph 129 contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, MARA denies the allegations in Paragraph 129 of the FAC, including any allegations contained in Exhibit 8 to the FAC.

130.    Paragraph 130 contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, MARA denies the allegations in Paragraph 130 of the FAC.

### THIRD CLAIM

**(Alleged Infringement of the '960 Patent)**

131.    MARA incorporates its responses from the preceding paragraphs herein.

132.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the FAC and, therefore, denies them.

133.    MARA denies the allegations in Paragraph 133 of the FAC.

134.    Paragraph 134 contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, MARA denies the allegations in Paragraph 134 of the FAC, including any allegations contained in Exhibit 9 to the FAC.

## FOURTH CLAIM
**(Alleged Infringement of the '062 Patent)**

135.    MARA incorporates its responses from the preceding paragraphs herein.

136.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the FAC and, therefore, denies them.

137.    MARA denies the allegations in Paragraph 137 of the FAC.

138.    Paragraph 138 contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, MARA denies the allegations in Paragraph 138 of the FAC, including any allegations contained in Exhibit 10 to the FAC.

## FIFTH CLAIM
**(Alleged Infringement of the '961 Patent)**

139.    MARA incorporates its responses from the preceding paragraphs herein.

140.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the FAC and, therefore, denies them.

141.    MARA denies the allegations in Paragraph 141 of the FAC.

142.    Paragraph 142 contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, MARA denies the allegations in Paragraph 142 of the FAC,

including any allegations contained in Exhibit 11 to the FAC.

**SIXTH CLAIM**
**(Alleged Infringement of the '286 Patent)**

143.    MARA incorporates its responses from the preceding paragraphs herein.

144.    MARA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the FAC and, therefore, denies them.

145.    MARA denies the allegations in Paragraph 145 of the FAC.

146.    Paragraph 146 contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, MARA denies the allegations in Paragraph 146 of the FAC, including any allegations contained in Exhibit 12 to the FAC.

147.    Paragraph 147 contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, MARA denies the allegations in Paragraph 147 of the FAC.

**ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF**

148.    MARA denies that it has infringed or will continue to infringe any of the Asserted Patents.  MARA further denies that Plaintiffs are entitled to any relief whatsoever, including damages, enhanced damages, attorneys' fees, costs, or injunctive relief.  MARA further denies that Plaintiffs are entitled to any other or further relief, including under 35 U.S.C. § 285.  MARA denies any remaining allegations in Plaintiffs' Prayer for Relief and further denies that Plaintiffs are entitled to any relief.

**ANSWER TO PLAINTIFFS' DEMAND FOR JURY TRIAL**

Defendant is not required to provide a response to Plaintiffs' demand for a jury trial.

**GENERAL DENIAL**

Except as expressly admitted herein, MARA denies each and every allegation contained in Plaintiffs' First Amended Complaint.

**AFFIRMATIVE DEFENSES**

20

149. Without assuming any burden other than those imposed by operation of law, and without admitting that it bears the burden of proof with respect to any of the following, MARA alleges as follows based on facts presently known to it, while reserving the right to add additional defenses based on facts learned during discovery or otherwise.

**FIRST DEFENSE**
**(Failure to State a Claim)**

150. The FAC fails to state a claim against MARA upon which relief can be granted.

**SECOND DEFENSE**
**(Non-Infringement)**

151. MARA has not infringed, directly or indirectly, under any theory of infringement, including the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, including the '827, '370, '062, '960, '961, and '286 Patents.

**THIRD DEFENSE**
**(Invalidity)**

152. The Asserted Patents, including the '827, '370, '062, '960, '961, and '286 Patents and each asserted claim, are invalid for failure to comply with the requirements of Title 35 of the United States Code, including at least §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE**
**(Equitable Doctrines)**

153. Plaintiffs' claims are barred, in whole or in part by estoppel, including without limitation equitable estoppel and prosecution history estoppel.

**FIFTH DEFENSE**
**(Lack of Standing and/or Ownership)**

154. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring any claims and/or lack ownership of the Asserted Patents.

**SIXTH DEFENSE**
**(Limitation on Damages)**

155. Plaintiffs' claims for damages are limited to a FRAND royalty due to the FRAND

21

encumbrance imparted on the Asserted Patents by Certicom's FRAND commitment to SECG.

## SEVENTH DEFENSE
### (Time Limitation on Damages)

156.   Plaintiffs' claims for recovery are barred, in whole or in part, by 35 U.S.C. § 286.

## EIGTH DEFENSE
### (Government Use Bar)

157.   To the extent Plaintiffs' claims are based on products allegedly used or manufactured by or for the United States without a license from Plaintiffs or lawful right to use or manufacture the same, Plaintiffs' claims are barred, in whole or in part, by 28 U.S.C. § 1498.

## NINTH DEFENSE
### (No Equitable Relief)

158.   Plaintiffs are not entitled to equitable relief, including their request for injunctive relief, at least because Plaintiffs are unlikely to succeed on the merits, they have not suffered an irreparable injury, they have an adequate remedy at law, the balance of the hardships weighs against granting such relief, and/or the public interest would be disserved by granting such relief.

## RESERVATION OF RIGHTS

159.   MARA expressly reserve the right to assert any additional legal or equitable defenses to which they may be entitled, including all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses that presently exist or may become available as a result of discovery or further factual investigation in this action.

22

## DEFENDANT'S COUNTERCLAIMS

160.    For its counterclaims against Counterclaim Defendant Malikie Innovations LTD. and Key Patent Innovations LTD. ("Counterclaim Defendants"), Counterclaim Plaintiff MARA Holdings, Inc. ("Counterclaim Plaintiff" or "MARA") alleges as follows:

## THE PARTIES

161.    Counterclaim Plaintiff MARA Holdings, Inc. is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business located at 1010 S Federal Hwy., Suite 2700, Hallandale Beach, Florida 33009.

162.    Upon information and belief, and based solely on Paragraph 1 of the First Amended Complaint ("FAC") as pleaded by Counterclaim Defendants, Malikie Innovations LTD. ("Malikie") is an entity organized and existing under the laws of Ireland, with registered offices at The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

163.    Upon information and belief, and based solely on Paragraph 2 of the FAC as pleaded by Counterclaim Defendants, Key Patent Innovations LTD. ("KPI") is an entity organized and existing under the laws of Ireland, with registered offices at The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

## JURISDICTION AND VENUE

164.    This Court has personal jurisdiction over Counterclaim Defendants because they consented to the exercise of such jurisdiction by filing their Complaint and subsequently their FAC for patent infringement against MARA in this Court.

165.    This Court has subject-matter jurisdiction over these counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 28 U.S.C. § 1338(a).

166.    By asserting claims for patent infringement against MARA in this Court, Counterclaim

23

Defendants have also consented to venue as to these counterclaims.

167.    In their FAC, Counterclaim Defendants allege that MARA infringes the '827, '370, '062, '960, '961, and '286 Patents (collectively, the "Asserted Patents").

168.    MARA has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, either directly or under the doctrine of equivalents.

169.    Accordingly, based at least on the allegations set forth in Counterclaim Defendants' FAC, an immediate, real, and justiciable controversy exists between MARA and Counterclaim Defendants regarding whether MARA infringes the Asserted Patents.

## BACKGROUND

170.    Counterclaim Defendants brought suit against MARA for purported infringement of the '827, '370, '062, '960, '961, and '286 Patents on May 12, 2025.[1]  All but one of the Asserted Patents are expired: the '286 Patent, which expires no later than August 11, 2031.[2]  The USPTO has granted requests for *ex parte* reexamination as to all of the Asserted Patents.[3]

### FIRST COUNTERCLAIM
#### (Declaration of Non-Infringement of U.S. Patent No. 8,788,827)

171.    MARA incorporates by reference the allegations set forth in Paragraphs 161-170 of these Counterclaims.

172.    MARA has not infringed and does not infringe any valid and enforceable claim of the '827 Patent, directly or indirectly, under any theory of infringement, including the doctrine of equivalents.  MARA has not willfully infringed and is not willfully infringing any claim of the '827 Patent.

173.    Absent a declaration of non-infringement, Counterclaim Defendants will continue to

---

[1] Dkt. No. 1.
[2] Expiration dates of the Asserted Patents: '961 Patent (7/12/2023); '960 and '062 Patents (5/31/2024); '827 and '370 Patents (1/18/2026); '286 Patent (8/11/2031).
[3] Dkt. 62 at 1; Dkt. 66, Dkt. 71, Dkt. 79.

wrongfully assert the '827 Patent against MARA, thereby causing MARA harm.  A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '827 Patent.

174.    MARA thus seeks a judgment declaring that it does not infringe, directly or indirectly, under any theory of infringement, including the doctrine of equivalents, any valid and enforceable claim of the '827 Patent.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 8,788,827)

175.    MARA incorporates by reference the allegations set forth in Paragraphs 161-174 of its Counterclaims.

176.    Each and every claim of the '827 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.  For example, each claim of the '827 Patent is invalid for at least the reasons set forth in MARA's request for *ex parte* reexamination of the '827 Patent.

177.    Absent a declaration of invalidity, Counterclaim Defendants will continue to wrongfully assert the '827 Patent against MARA, thereby causing MARA harm.  A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '827 Patent.

178.    MARA therefore seeks a judgment declaring each and every claim of the '827 Patent invalid.

**THIRD COUNTERCLAIM**
**(Declaration of Non-Infringement of U.S. Patent No. 10,284,370)**

179.    MARA incorporates by reference the allegations set forth in Paragraphs 161-178 of its Counterclaims.

180.    MARA has not infringed and does not infringe any valid and enforceable claim of the '370 Patent, directly or indirectly, under any theory of infringement, including the doctrine of equivalents.  MARA has not willfully infringed and is not willfully infringing any claim of the '370 Patent.

181.    Absent a declaration of non-infringement, Counterclaim Defendants will continue to wrongfully assert the '370 Patent against MARA, thereby causing MARA harm.  A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '370 Patent.

182.    MARA thus seeks a judgment declaring that it does not infringe, directly or indirectly, under any theory of infringement, including the doctrine of equivalents, any valid and enforceable claim of the '370 Patent.

**FOURTH COUNTERCLAIM**
**(Declaration of Invalidity of U.S. Patent No. 10,284,370)**

183.    MARA incorporates by reference the allegations set forth in 161-182 of its Counterclaims.

184.    Each and every claim of the '370 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.  For example, each claim of the '370 Patent is invalid for at least the reasons set forth in MARA's request for *ex parte* reexamination of the '370 Patent.

185. Absent a declaration of invalidity, Counterclaim Defendants will continue to wrongfully assert the '370 Patent against MARA, thereby causing MARA harm. A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '370 Patent.

186. MARA therefore seeks a judgment declaring each and every claim of the '370 Patent invalid.

### FIFTH COUNTERCLAIM
**(Declaration of Non-Infringement of U.S. Patent No. 8,666,062)**

187. MARA incorporates by reference the allegations set forth in 161-186 of its Counterclaims.

188. MARA has not infringed and does not infringe any valid and enforceable claim of the '062 Patent, directly or indirectly, under any theory of infringement, including the doctrine of equivalents. MARA has not willfully infringed and is not willfully infringing any claim of the '062 Patent.

189. Absent a declaration of non-infringement, Counterclaim Defendants will continue to wrongfully assert the '062 Patent against MARA, thereby causing MARA harm. A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '062 Patent.

190. MARA thus seeks a judgment declaring that it does not infringe, directly or indirectly, under any theory of infringement, including the doctrine of equivalents, any valid and enforceable claim of the '062 Patent.

## SIXTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 8,666,062)

191. MARA incorporates by reference the allegations set forth in Paragraphs 161-190 of its Counterclaims.

192. Each and every claim of the '062 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112. For example, each claim of the '062 Patent is invalid for at least the reasons set forth in MARA's request for *ex parte* reexamination of the '062 Patent.

193. Absent a declaration of invalidity, Counterclaim Defendants will continue to wrongfully assert the '062 Patent against MARA, thereby causing MARA harm. A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '062 Patent.

194. MARA therefore seeks a judgment declaring each and every claim of the '062 Patent invalid.

## SEVENTH COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 7,372,960)

195. MARA incorporates by reference the allegations set forth in Paragraphs 161-194 of its Counterclaims.

196. MARA has not infringed and does not infringe any valid and enforceable claim of the '960 Patent, directly or indirectly, under any theory of infringement, including the doctrine of equivalents. MARA has not willfully infringed and is not willfully infringing any claim of the '960 Patent.

197. Absent a declaration of non-infringement, Counterclaim Defendants will continue to

wrongfully assert the '960 Patent against MARA, thereby causing MARA harm.  A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '960 Patent.

198.    MARA thus seeks a judgment declaring that it does not infringe, directly or indirectly, under any theory of infringement, including the doctrine of equivalents, any valid and enforceable claim of the '960 Patent.

**EIGHTH COUNTERCLAIM**
**(Declaration of Invalidity of U.S. Patent No. 7,372,960)**

199.    MARA incorporates by reference the allegations set forth in Paragraphs 161-198 of its Counterclaims.

200.    Each and every claim of the '960 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.  For example, each claim of the '960 Patent is invalid for at least the reasons set forth in MARA's request for *ex parte* reexamination of the '960 Patent.

201.    Absent a declaration of invalidity, Counterclaim Defendants will continue to wrongfully assert the '960 Patent against MARA, thereby causing MARA harm.  A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '960 Patent.

202.    MARA therefore seeks a judgment declaring each and every claim of the '960 Patent invalid.

**NINTH COUNTERCLAIM**
**(Declaration of Non-Infringement of U.S. Patent No. 7,372,961)**

203.    MARA incorporates by reference the allegations set forth in Paragraphs 161-202 of its Counterclaims.

204.    MARA has not infringed and does not infringe any valid and enforceable claim of the '961 Patent, directly or indirectly, under any theory of infringement, including the doctrine of equivalents.  MARA has not willfully infringed and is not willfully infringing any claim of the '961 Patent.

205.    Absent a declaration of non-infringement, Counterclaim Defendants will continue to wrongfully assert the '961 Patent against MARA, thereby causing MARA harm.  A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '961 Patent.

206.    MARA thus seeks a judgment declaring that it does not infringe, directly or indirectly, under any theory of infringement, including the doctrine of equivalents, any valid and enforceable claim of the '961 Patent.

**TENTH COUNTERCLAIM**
**(Declaration of Invalidity of U.S. Patent No. 7,372,961)**

207.    MARA incorporates by reference the allegations set forth in 161-206 of its Counterclaims.

208.    Each and every claim of the '961 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.  For example, each claim of the '961 Patent is invalid for at least the reasons set forth in MARA's request for *ex parte* reexamination of the '961 Patent.

209. Absent a declaration of invalidity, Counterclaim Defendants will continue to wrongfully assert the '961 Patent against MARA, thereby causing MARA harm. A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '961 Patent.

210. MARA therefore seeks a judgment declaring each and every claim of the '961 Patent invalid.

### ELEVENTH COUNTERCLAIM
**(Declaration of Non-Infringement of U.S. Patent No. 8,532,286)**

211. MARA incorporates by reference the allegations set forth in Paragraphs 161-210 of its Counterclaims.

212. MARA has not infringed and does not infringe any valid and enforceable claim of the '286 Patent, directly or indirectly, under any theory of infringement, including the doctrine of equivalents. MARA has not willfully infringed and is not willfully infringing any claim of the '286 Patent.

213. Absent a declaration of non-infringement, Counterclaim Defendants will continue to wrongfully assert the '286 Patent against MARA, thereby causing MARA harm. A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '286 Patent.

214. MARA thus seeks a judgment declaring that it does not infringe, directly or indirectly, under any theory of infringement, including the doctrine of equivalents, any valid and enforceable claim of the '286 Patent.

**TWELFTH COUNTERCLAIM**
**(Declaration of Invalidity of U.S. Patent No. 8,532,286)**

215.    MARA incorporates by reference the allegations set forth in Paragraphs 161-214 of its Counterclaims.

216.    Each and every claim of the '286 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.  For example, each claim of the '286 Patent is invalid for at least the reasons set forth in the request for *ex parte* reexamination of the '286 Patent that is currently pending before the USPTO.

217.    Absent a declaration of invalidity, Counterclaim Defendants will continue to wrongfully assert the '286 Patent against MARA, thereby causing MARA harm.  A judicial declaration is necessary and appropriate to resolve the actual controversy between MARA and Counterclaim Defendants and to ascertain the parties' respective rights with respect to the '286 Patent.

218.    MARA therefore seeks a judgment declaring each and every claim of the '286 Patent invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff MARA Holdings, Inc. respectfully requests the following relief:

A.    That the Court enter judgment in Counterclaim Plaintiff's favor;

B.    That Counterclaim Defendants' First Amended Complaint be dismissed in its entirety with prejudice, and that Counterclaim Defendants take nothing against Counterclaim Plaintiff;

C.    That judgment be entered finding that Counterclaim Plaintiff has not infringed and does

not infringe any valid and enforceable claim of the Asserted Patents, directly or indirectly, under any theory of infringement, including the doctrine of equivalents;

D.      That judgment be entered finding the asserted claims of the Asserted Patents invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112;

E.      That the Court declare Counterclaim Plaintiff to be the prevailing party and this is an exceptional case, and award MARA its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

F.      That Counterclaim Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

MARA respectfully demands a trial by jury on all issues so triable in this action.

33

Dated: March 24, 2026

Respectfully submitted,

/s/  *Catherine Nyarady*

Catherine Nyarady
Elizabeth S. Weiswasser
Ian A. Moore
Tom Yu
Thomas Macchio
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Sixth Avenue
New York, NY 10019
Telephone: (212) 373-3000

Christopher M. Pepe
W. Sutton Ansley
Eric C. Westerhold
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 223-7300

Steve Wingard
State Bar No. 00788694
swingard@scottdoug.com
Robert P. Earle
State Bar No. 241245566
rearle@scottdoug.com
Stephen L. Burbank
State Bar No. 24109672
sburbank@scottdoug.com
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701-3234
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

*Counsel for Defendant MARA Holdings, Inc.*

35

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 24th of March, 2026, a true and correct copy of the foregoing document was served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ *Catherine Nyarady*
Catherine Nyarady

35