## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

|  |  |
|---|---|
| Malikie Innovations Ltd. and Key Patent Innovations Ltd., <br><br>                   Plaintiffs, <br><br>         v. <br><br> MARA Holdings, Inc. (f/k/a Marathon Digital Holdings, Inc.) <br><br>                  Defendant. | Case No. 7:25-cv-00222-DC-DTG |

**MARA'S UNOPPOSED MOTION FOR THE ISSUANCE OF LETTER ROGATORY TO THE ONTARIO SUPERIOR COURT OF JUSTICE TO EXAMINE PERSONS AND PRODUCE DOCUMENTS OF BLACKBERRY LIMITED**

**Table of Contents**

I.    INTRODUCTION ........................................................................................................ ii

II.   BACKGROUND ......................................................................................................... 1

III.  ARGUMENT ............................................................................................................... 2

    A.    A LETTER ROGATORY IS A PROPER METHOD FOR SEEKING
           DISCOVERY FROM BLACKBERRY ................................................................. 2

    B.    A LETTER ROGATORY IS APPROPRIATE UNDER CANADIAN LAW ........ 5

    C.    MARA'S DISCOVERY REQUESTS TO BLACKBERRY LIMITED VIA THE
           PROPOSED LETTER ROGATORY ARE APPROPRIATE ................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BlackBerry Limited et al* v. *Avaya Inc.*,
No. 3-16-cv-02185 (N.D. Tex.), Dkt. No. 72 ................................................................2

*BlackBerry Limited* v. *Facebook, Inc. et al*,
No. 2-18-cv-01844 (C.D. Cal.), Dkt. No. 682 .............................................................2

*El Paso Disposal, LP* v. *Ecube Labs Co.*,
792 F. Supp. 3d 703 (W.D. Tex. 2025).........................................................................3

*Int'l Bus. Machs. Corp.* v. *LzLabs GmbH*,
No. W-22-CV-00299-DAE, Dkt. No. 315 (W.D. Tex. Apr. 23, 2024) .......................2

*Intel Corp.* v. *Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004).....................................................................................................2

*Lantheus Med. Imaging, Inc.* v. *Zurich Am. Ins. Co.*,
841 F. Supp. 2d 769 (S.D.N.Y. 2012)..........................................................................4

*United States* v. *Mason*,
919 F.2d 139 (4th Cir. 1990) .......................................................................................3

*McFadden Lyon Rouse LLC* v. *Lookkin*,
2012 ONSC 2243 at para. 17 (Can.).............................................................................5

*MobileIron, Inc.* v. *BlackBerry Corporation et al*,
No. 3-20-cv-02877 (N.D. Cal.), Dkt. No. 66 ...............................................................1

*Q3 Networking LLC v Siemens Canada*,
2021 ONSC 2808 at para. 31 (Can.).............................................................................5

*SPS Techs., LLC* v. *Briles Aerospace, Inc.*,
No. CV 18-9536 MWF (ASX), 2020 WL 12740646 (C.D. Cal. Apr. 14, 2020) .......4

*TruSun Techs., LLC* v. *Eaton Corp.*,
No. 6-19-CV-00656-ADA, Dkt. No. 67 (W.D. Tex. Mar. 22, 2021)..........................3

*Zingre et al.* v. *The Queen*
[1981] 2 S.C.R. 392 at 401 (Can.) ...............................................................................6

**Statutes**

28 U.S.C. § 1651............................................................................................................4

28 U.S.C. § 1781.................................................................................................................4

35 U.S.C. § 284.................................................................................................................6

Canada Evidence Act, RSC 1985, c C-5............................................................................4

**Other Authorities**

Fed. R. Civ. P. 4(f)(2)(B)..................................................................................................4

Fed. R. Civ. P. 28(b)(1)....................................................................................................1

Fed. R. Civ. P. 28(b)(1)(B) ..............................................................................................4

## I.    INTRODUCTION

Pursuant to Rule 28(b)(1) of the Federal Rules of Civil Procedure, Defendant MARA Holdings, Inc. ("MARA") hereby submits the present Unopposed Motion requesting that the Court issue a Letter Rogatory for international judicial assistance (the "Letter Rogatory") seeking assistance from the Ontario Superior Court of Justice ("Ontario Court"), to compel BlackBerry Limited ("BlackBerry"), a Canadian corporation, to produce documents specified in Schedule A (in the manner identified in Schedule B) of the Letter Rogatory and compel a representative of BlackBerry to testify on behalf of BlackBerry at a deposition on the topics identified in Schedule C of the Letter Rogatory.[1] Plaintiffs Malikie Innovations Ltd. ("Malikie") and Key Patent Innovations Ltd. ("KPI") do not oppose MARA's motion.

## II.    BACKGROUND

Plaintiffs allege that MARA infringes United States Patent Nos. 10,284,370 ("the '370 Patent"); 7,372,960 ("the '960 Patent"); 7,372,961 ("the '961 Patent"); 8,532,286 ("the '286 Patent"); 8,666,062 ("the '062 Patent"); and 8,788,827 ("the '827 Patent") (collectively, the "Asserted Patents"). The Asserted Patents are part of a larger portfolio of patents originally held by Certicom Corporation ("Certicom"), which are all directed to cryptography ("Certicom Patent Portfolio"). The Certicom Patent Portfolio was initially assigned from the inventors to Certicom, then subsequently assigned from Certicom to BlackBerry (as part of Blackberry's acquisition of Certicom), and finally from BlackBerry to Malikie. Following its purchase of the Certicom Patent Portfolio, Malikie asserted the Asserted Patents against MARA to commence this action.

Between 2018 and 2021, BlackBerry, while still holding the Certicom Patent Portfolio, entered into at least three settlement agreements to resolve actions involving the Certicom Patent

---

[1] The proposed Letter Rogatory, Schedules A-C, and Exhibit A to Schedule A are attached as Exhibit 1 to this Motion.

Portfolio, including the '961 Patent asserted in this action. *See MobileIron, Inc.* v. *BlackBerry Corporation et al*, No. 3-20-cv-02877 (N.D. Cal.), Dkt. No. 66; *BlackBerry Limited* v. *Facebook, Inc. et al*, No. 2-18-cv-01844 (C.D. Cal.), Dkt. No. 682; *BlackBerry Limited et al* v. *Avaya Inc.*, No. 3-16-cv-02185 (N.D. Tex.), Dkt. No. 72.

MARA brings the present Motion for issuance of Letter Rogatory to obtain discovery from BlackBerry regarding its acquisition, sale of, licensing, and any settlement agreements (including any related communications and analyses) concerning the Certicom Patent Portfolio. MARA also seeks discovery into Certicom's involvement in the Standards for Efficient Cryptography Group ("SECG") Consortium (letter available at https://www.secg.org/certicom_patent_letter_SECG.pdf), including any grant of "non-exclusive licenses to [Certicom's] patents on a nondiscriminatory basis and on reasonable terms" given to any third party, as offered in the letter. After investigation, MARA determined that BlackBerry is headquartered in Waterloo, Ontario. Discovery into these topics will shed light on details which may be especially pertinent to issues in this case, including damages. This Court should grant the present Motion because the issuance of the requested Letter Rogatory is the proper method of obtaining discovery under U.S. law, is appropriate under Canadian Law, and seeks evidence that is highly relevant to the case at hand and cannot otherwise be obtained.

## III.    ARGUMENT

### A.    A LETTER ROGATORY IS A PROPER METHOD FOR SEEKING DISCOVERY FROM BLACKBERRY

A Letter Rogatory is a formal written request sent by a court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting court. *Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004); *Int'l Bus. Machs. Corp.* v. *LzLabs GmbH*, No. W-22-

CV-00299-DAE, Dkt. No. 315 (W.D. Tex. Apr. 23, 2024) (granting motion for issuance of letter rogatory to compel production of documents and deposition of a Canadian entity); *TruSun Techs., LLC* v. *Eaton Corp.*, No. 6-19-CV-00656-ADA, Dkt. No. 67 (W.D. Tex. Mar. 22, 2021) (granting motion for issuance of letter rogatory to compel deposition of a Canadian individual).

"District courts have discretion in determining whether to issue a letter rogatory and their authority to do so derives from their inherent power." *El Paso Disposal, LP* v. *Ecube Labs Co.*, 792 F. Supp. 3d 703, 707 (W.D. Tex. 2025) (internal citations omitted); *see also United States* v. *Mason*, 919 F.2d 139 (4th Cir. 1990) ("The decision to issue letters rogatory lies within the discretion of the district court."). In determining whether to issue letters rogatory, courts consider the following factors:

> (1) the importance of the documents or information requested to the litigation; (2) the specificity of the request; (3) whether the information originated in the United States; (4) whether alternative means of securing the information exist; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*El Paso Disposal*, 792 F. Supp. 3d at 707.

First, the documents and testimony requested from BlackBerry are important because they could provide information relevant to the potential damages associated with the Asserted Patents. Second, the request is limited only to documents and testimony regarding the acquisition, sale of, licensing, and any settlement agreements concerning the Certicom Patent Portfolio, which includes the Asserted Patents and patents directed to related technology, and Certicom's involvement in the SECG. Third, while the information sought does not originate in the United States, as BlackBerry is located in Canada, "where a court finds that information is not easily obtainable through alternative means, as here, this weighs in favor of issuing letters rogatory regardless of where the information originated." *Id*. at 710. Fourth, there are no other means of securing the information.

3

BlackBerry is the entity that acquired Certicom and entered into at least three relevant settlement agreements and it is therefore in possession of the relevant information.  Although MARA has also attempted to obtain such information directly from Malikie and through a third party subpoena served on BlackBerry's subsidiary in the United States, neither entity has possession of or control over all of the information MARA seeks, as at least some of the information is uniquely within BlackBerry's possession.  Fifth, the interests of the Canadian government do not outweigh those of the United States government such that the letter should not be issued.  *See Lantheus Med. Imaging, Inc.* v. *Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 794 (S.D.N.Y. 2012) ("[T]he fifth factor [] requires the Court to balance the interests of Canada against the interests of the United States" and "the exceptional nature of letters rogatory provide the foreign litigant with the protections that the foreign sovereign lacks when an American court compels it to engage in jurisdictional discovery as a would-be defendant. Just as an American court enforcing letters rogatory issued in a foreign court may limit enforcement of the order [], foreign courts charged with enforcing letters rogatory may limit enforcement of the discovery device where appropriate.").

"The proper method for compelling the production of documents and obtaining deposition testimony in Canada for use in a United States action is to proceed by means of a letter rogatory. The Canada Evidence Act specifically provides that a court outside of Canada may serve letters rogatory upon a Canadian court." *SPS Techs., LLC* v. *Briles Aerospace, Inc.*, No. CV 18-9536 MWF (ASX), 2020 WL 12740646, at *1 (C.D. Cal. Apr. 14, 2020); *see also* Fed. R. Civ. P. 4(f)(2)(B); Fed. R. Civ. P. 28(b)(1)(B); 28 U.S.C. § 1651 (authorizing courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or

agency to whom it is addressed and its return in the same manner.").

## B.     A LETTER ROGATORY IS APPROPRIATE UNDER CANADIAN LAW

A Letter Rogatory is an appropriate method for obtaining discovery under Canadian Law. The Ontario Court has jurisdiction to enforce Letters Rogatory where: "a) a foreign court, desirous of obtaining testimony in relation to a pending civil, commercial or criminal matter, has authorized the obtaining of evidence; b) the party from whom the evidence is sought is within the jurisdiction of Ontario; c) the evidence sought from the Ontario party is in relation to a pending proceeding before the foreign court or tribunal; and d) the foreign court or tribunal is a court or tribunal of competent jurisdiction." *Q3 Networking LLC* v. *Siemens Canada*, 2021 ONSC 2808 at para. 31 (Can.). The Ontario Court has the discretion to grant or deny a request from the foreign court. "In exercising this discretion, the Ontario Court shall consider whether: (a) the evidence sought is relevant; (b) the evidence is necessary for pre-trial discovery or trial of the foreign action; (c) the evidence is not otherwise obtainable; (d) the documents sought are identified with reasonable specificity; (e) the order sought is not contrary to Canadian public policy; and (f) the order sought is not unduly burdensome." *McFadden Lyon Rouse LLC* v. *Lookkin*, 2012 ONSC 2243 at para. 17 (Can.).  MARA's requested Letter Rogatory satisfies these factors.

## C.     MARA'S DISCOVERY REQUESTS TO BLACKBERRY LIMITED VIA THE PROPOSED LETTER ROGATORY ARE APPROPRIATE

The documents and testimony that MARA requests from BlackBerry are highly relevant to the instant action.  The document requests and deposition topics are directed to BlackBerry's purchase, sale of, licensing, and settlement agreements involving the Certicom Patent Portfolio, including any economic analysis, valuation, review, or other assessment of the Certicom Patent Portfolio, and Certicom's involvement in the SECG.  Therefore, these requests are relevant to at least issues related to damages, including, but not limited to, any calculation of any reasonably

royalty under 35 U.S.C. § 284.

The documents and testimony that MARA requests from BlackBerry are not otherwise obtainable. Although MARA has attempted to obtain such information directly from Malikie and through a third party subpoena served on BlackBerry's subsidiary located in the United States, neither entity has possession of or control over all of the information MARA seeks, as at least some of the information is uniquely within BlackBerry's possession.

The documents and information that MARA seeks are identified with reasonable specificity in Schedules A, B, and C of the Letter Rogatory. The requested documents and information are limited to BlackBerry's purchase, sale of, licensing, and settlement agreements involving the Certicom Patent Portfolio, including BlackBerry's own methods, calculations, valuations, and estimates of the value of the Certicom Patent Portfolio.

The order sought for issuance of Letter Rogatory is not contrary to Canadian public policy and is not unduly burdensome. In assessing these factors, the Ontario Court will consider whether the request is contrary to the witness' constitutional rights, whether the request affects the rights of other third parties, whether the request seeks to impose obligations on third parties that substantially exceed those they would bear if the underlying litigation took place in Canada, and the time, effort, and expense required of witnesses if the Letter Rogatory is enforced. *See Zingre et al.* v. *The Queen* [1981] 2 S.C.R. 392 at 401 (Can.) ("A foreign request is given full force and effect unless it be contrary to the public policy of the jurisdiction to which the request is directed [] or otherwise prejudicial to the sovereignty or the citizens of the latter jurisdiction."); *see also Friction Division Products, Inc. and E. I. Du Pont de Nemours & Co. Inc. et al.* (No. 2) (1986), 56 O.R. (2d) 722 (H.C.J.) at para. 34 (Can.) ("I do not think the two proposed witnesses are being asked to do anything which can be said to be burdensome or oppressive, measured against the

6

witnesses' obligations in Ontario were this matter to be tried here."). The obligations placed on BlackBerry will be minimal, as the document requests and deposition topics are narrowly tailored to information relevant to the current case.

MARA respectfully requests that the Court grants this Unopposed Motion, endorses the attached Letter Rogatory, and directs the Clerk to place the Court's seal upon them and return them to MARA for delivery to the foreign jurisdiction.

Dated: April 30, 2026

Respectfully Submitted,

/s/ *Catherine Nyarady*
Catherine Nyarady
Elizabeth S. Weiswasser
Ian A. Moore
Tom Yu
Thomas Macchio
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Sixth Avenue
New York, NY 10019
Telephone: (212) 373-3000

Christopher M. Pepe
W. Sutton Ansley
Eric C. Westerhold
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 223-7300

Steve Wingard
State Bar No. 00788694
swingard@scottdoug.com
Robert P. Earle
State Bar No. 241245566
rearle@scottdoug.com
Stephen L. Burbank
State Bar No. 24109672
sburbank@scottdoug.com
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701-3234
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
*Counsel for Defendant MARA
Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of this motion have been served upon each attorney

of record via the Court's CM/ECF system.

/s/ *Catherine Nyarady*
Catherine Nyarady