# EXHIBIT A

U̲NITED S̲TATES P̲ATENT AND T̲RADEMARK O̲FFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/015,827 | 01/06/2026 | 10284370 | 024482-00039.370 | 1052 |

184647        7590        05/20/2026

Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway
Suite 300
Redwood City, CA 94065

| EXAMINER |
|---|
| WOOD, WILLIAM H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/20/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patents and Trademark Office
P.O.Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

May 20, 2026

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

ANISH R. DESAI PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019

## EX PARTE REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. : 90015827
PATENT NO. : 10284370
ART UNIT : 3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

Reichman Jorgensen Lehman & Feldberg LLP          (For Patent Owner)
100 Marine Parkway
Suite 300
Redwood City, CA 94065


Anish R. Desai                                     (For Third Party Requester)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019


| | | |
|---|---|---|
| *In re* Struik *et al.* | : | |
| U.S. Patent No.: 10,284,370 B2 | : | **DECISION** |
| *Ex Parte* Reexamination Proceeding | : | **ON** |
| Control No.: 90/015,827 | : | **PETITION** |
| Filed: January 6, 2026 | : | |


This decision addresses patent owner's April 17, 2026 petition entitled "PATENT OWNER'S PETITION FOR SUSPENSION OF THE RULES AND FOR SUMMARY TERMINATION OF REEXAMINATION AS A MATTER OF LAW, PURSUANT TO 37 C.F.R. §§ 1.181, 1.182, AND 1.183." This decision also addresses requester's May 1, 2026 paper entitled "OPPOSITION TO PATENT OWNER'S PETITION FOR SUSPENSION OF THE RULES AND FOR SUMMARY TERMINATION OF REEXAMINATION AS A MATTER OF LAW". Patent owner's April 17, 2026 petition, requester's May 1, 2026 paper, and the record as a whole are before the Office of Patent Legal Administration (OPLA) for consideration.

**PERTINENT BACKGROUND**

On January 6, 2026,[1] MARA Holdings, Inc. (requester) deposited a request for *ex parte* reexamination of claims 1-11 of U.S. Patent No. 10,284,370 B2 (the '370 patent), which proceeding was assigned Control No. 90/015,827 (the '827 or present reexamination proceeding). On February 18, 2026, the Central Reexamination Unit (CRU) examiner ordered reexamination. The examiner analyzed the prosecution history and found that each of the proposed grounds in the request raises a substantial new question of patentability (SNQ).[2] On April 17, 2026, patent owner filed a petition entitled "PATENT OWNER'S PETITION FOR SUSPENSION OF THE RULES AND FOR SUMMARY TERMINATION OF REEXAMINATION AS A MATTER OF LAW, PURSUANT TO 37 C.F.R. §§ 1.181, 1.182, AND 1.183" (patent owner's combined petition). On May 1, 2026, requester filed a paper entitled "OPPOSITION TO PATENT OWNER'S PETITION FOR SUSPENSION OF THE RULES AND FOR SUMMARY TERMINATION OF REEXAMINATION AS A MATTER OF LAW" (opposition).

---

[1] Requester deposited an incomplete request on December 23, 2025.
[2] *See* "Order Granting Request for *Ex Parte* Reexamination," February 18, 2026 (order).

# DECISION

## I.  Patent owner's petition under 37 CFR 1.183

Patent owner's April 17, 2026 combined petition includes: (i) a petition under 37 CFR 1.183, which will be construed[3] as requesting waiver of any applicable regulations to permit entry and consideration of patent owner's April 17, 2026 combined petition prior to examination, and (ii) a petition under 37 CFR 1.181 to vacate the order granting reexamination and to terminate the present reexamination proceeding under 35 U.S.C. 325(d).[4]

37 CFR 1.540, in pertinent part, provides:

> No submissions other than the statement pursuant to § 1.530 and the reply by the *ex parte* reexamination requester pursuant to § 1.535 will be considered prior to examination.

Office guidance emphasizes the importance of evaluating issues involving 35 U.S.C. 325(d) when making a determination on a request for *ex parte* reexamination.[5]  Permitting patent owner to call attention to potential issues involving § 325(d) serves an important purpose in ensuring that proper consideration was given on whether to exercise discretion to move forward with an otherwise meritorious request for reexamination.  In view of the specific facts and circumstances of the present reexamination proceeding, patent owner's petition under 37 CFR 1.183 for waiver of 37 CFR 1.540 to permit entry and consideration of patent owner's § 325(d) petition is **<u>granted</u>**.  The provisions of the necessary rules are <u>hereby waived</u>.  Patent owner's § 325(d) petition has been entered and considered as set forth below.

Furthermore, requester is permitted to file a paper in opposition to a patent owner petition requesting termination of the present reexamination proceeding, just as the requester is permitted to file a paper in opposition to a patent owner petition to vacate a reexamination order under 35 U.S.C. 304 (and deny reexamination) on the basis that the order is an *ultra vires* action on the part of the Office.[6]  Accordingly, requester's May 1, 2026  opposition has been entered and considered to the extent it addresses patent owner's arguments regarding 35 U.S.C. 325(d).

## II.  Patent owner's petition to vacate the reexamination

Patent owner argues that the Office should terminate the present reexamination proceeding pursuant to 35 U.S.C. 325(d), because: (1) discretionary factors such as those cited in the March 26, 2025 "Interim Processes for PTAB Workload Management Memorandum" (PTAB Workload Memo) should be applied in the present reexamination proceeding, and weigh in favor of termination;[7] and (2) the Office lacks statutory authority to conduct reexaminations on expired patents.[8]

---

[3] Patent owner requests waiver of any requirement of the regulations that would otherwise preclude summary termination of the reexamination.

[4] Petition, p. 29.

[5] *See, e.g.*, Manual of Patent Examining Procedure (MPEP) § 2242, subsection II ("[a]ny issues involving 35 U.S.C. 325(d) raised in the request must be referred to the examiner's SPRS or the director of the CRU.").

[6] *See, e.g.*, MPEP § 2246, subsection II.

[7] Petition, pp. 2-3 and 22-29, referencing the PTAB Interim Director Discretionary Process, § I.B, available at https://www.uspto.gov/patents/ptab/interim-director-discretionary-process, which relies on considerations set forth in the PTAB Workload Memo.  The PTAB Workload Memo enumerates § 314(a) and 324(a) considerations such as: "[w]hether the PTAB or another forum has already adjudicated the validity or patentability of the challenged patent claims"; "[w]hether there have been changes in the law or new judicial precedent issued since issuance of the claims that may affect patentability"; "[t]he strength of the unpatentability challenge; "[t]he extent of the petition's reliance on expert testimony"; "[s]ettled expectations of the parties, such as the length of time the claims have been in force"; "[c]ompelling economic, public health, or national security interests"; and "[a]ny other considerations bearing on the Director's discretion."

[8] Petition, pp. 3-22.

## A. Arguments related to 35 U.S.C. 325(d)

35 U.S.C. 325(d) states, in pertinent part (emphasis added):

> In determining whether to . . . order a proceeding under . . . chapter 30, . . . the Director may take into account whether, and reject the . . . request <u>because, the same or substantially the same prior art or arguments previously were presented to the Office</u>.

In support of termination under 35 U.S.C. 325(d), patent owner asserts that discretionary factors, such as settled expectations and limited Office resources, weigh in favor of termination of the present reexamination proceeding.[9]  Relying on *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985) (*en banc*), patent owner argues that "just as 35 USC § 314(a) provides statutory authority for the Office's broad latitude to discretionarily deny [*inter partes* review] petitions, the fact that determinations under 35 USC § 303–as interpreted by the *en banc* Federal Circuit–are 'discretionary' should give rise to an equal breadth of discretionary denial authority in the EPR context."[10]  The opposition argues that "neither condition [for exercising discretion under 35 U.S.C. 325(d)] is present here",[11] because there have been no other post grant challenges to the '370 patent[12] and the request presents new art and new arguments that have not previously been considered by the Office.[13]  The opposition further argues "the § 325(d) analysis [] is limited to whether the same or substantially the same prior art or arguments previously were presented."[14]

The parties' arguments have been fully considered.  As an initial matter, a predicate to the Office exercising its discretion under 35 U.S.C. 325(d) is that the same or substantially the same prior art or arguments previously were presented to the Office.  The present reexamination proceeding is the <u>first challenge to the '370 patent before the Office</u>.  In the order, the examiner reviewed the prosecution history and the post grant history for the underlying patent, and determined that a discretionary denial of reexamination pursuant to § 325(d) "is not applicable" in this instance.[15]  Additionally, patent owner's petition does not assert that the same or substantially the same prior art or arguments previously were presented to the Office, a threshold that must be met in order for the Office to even consider whether to exercise discretion under § 325(d).  Because patent owner has not established that the same or substantially the same prior art or arguments are presented here, discretionary considerations do not come into play.

Further, patent owner's interpretation of *Etter* is misplaced.  The cited portion of *Etter* simply states that the determination of whether an SNQ <u>exists</u> "is discretionary with the Commissioner".[16]  The determination of the existence of an SNQ is "discretionary" only in the sense that there is no recourse by way of appeal.  *See* 35 U.S.C. 303(c).  However, upon determining that an SNQ does exist, there is no discretion within §§ 303-305 not to order and conduct reexamination.  *See* 35 U.S.C. 303 ("the Director <u>will determine</u> whether a [SNQ] is raised by the request"); 35 U.S.C. 304 ("If. . .the Director finds that a

---

[9] *See, generally*, petition at pp. 22-29.
[10] Petition, p. 23.
[11] Opposition, p. 17.
[12] *See* opposition, pp. 17 and 20.
[13] *See* opposition, pp. 17 and 21.
[14] Opposition, p. 18.
[15] *See* order, p. 4-8 and 14.
[16] *See Etter*, 756 F.2d at 857 ("The intent that reexamination proceedings and court actions involving challenges to validity be distinct and independent is reflected in the legislative history of § 303, which notes that denial of a request for reexamination does not deprive the requestor (if not the patent owner) 'of any legal right' to contest validity in subsequent court proceedings. House Report at 6466.  That 'legal right' may be exercised as a matter of right, but determination of whether a 'substantial new question of patentability' exists, and therefore whether reexamination may be had, is discretionary with the Commissioner, and, as § 303 provides, that determination is final, i.e., not subject to appeal."

[SNQ] is raised, the determination <u>will include</u> an order for reexamination"); and 35 U.S.C. 305 ("After the times for filing the statement and reply. . .reexamination <u>will be</u> conducted") (emphasis added). Unlike the broad discretion afforded under 35 U.S.C. 314(a) with respect to *inter partes* review proceedings, the Office's discretion not to order reexamination is limited to § 325(d), a provision introduced after *Etter*. Thus, the Office must proceed with reexamination if an SNQ is raised in the request, unless it exercises discretion under § 325(d) to reject the request.

The preceding review of the patent owner's arguments and of the particular facts and circumstances of the present reexamination proceeding demonstrates that there was no abuse of discretion when the Office declined to exercise its discretion to reject the request in the present reexamination proceeding pursuant to § 325(d). Accordingly, patent owner's petition to terminate the present reexamination proceeding on the basis of 35 U.S.C. 325(d) is **dismissed**.

### B. Arguments related to the expiration of the '370 patent

Patent owner asserts that Office should terminate this proceeding, because the Office "lacks statutory authorization to conduct reexamination of an expired patent."[17] However, in the precedential *Gesture*[18] decision, the USPTO's reviewing court concluded that the Office "has jurisdiction over *ex parte* reexamination concerning expired patents"[19] and that "[a] patent owner maintains some rights after the patent expires, including the right to sue for past damages, which can create a live case or controversy that can be resolved by an *ex parte* reexamination."[20] Furthermore, the Federal Circuit subsequently confirmed its determination that the Office has authority to reexamine expired patents.[21] Thus, patent owner's request for termination on the basis that the patent is expired cannot be granted, because it is contrary to controlling law.

Inquiries concerning this decision should be directed to Andrea S. Grossman, Senior Legal Advisor, Office of Patent Legal Administration, at (571) 270-3314, or the undersigned at (571) 272-7717.


/Nicole D. Haines/
_____
Nicole D. Haines
Senior Legal Advisor
Office of Patent Legal Administration                                                              May 19, 2026

---

[17] Petition, p. 3. *See also*, petition, pp. 3-22.
[18] *In re Gesture Tech. Partners, LLC,* No. 2025-1075, Doc. 56 (Fed. Cir. Dec. 1, 2025).
[19] *Id.* at 9.
[20] *Id.*
[21] *In re: Estech Systems IP, LLC,* No. 2024-1935, Doc. 41 (Fed. Cir. Dec. 23, 2025) at 8 (non-precedential) ("We recently 'confirm[ed] that the Board has jurisdiction over *ex parte* reexaminations concerning expired patents.'").