**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **MALIKIE INNOVATIONS LTD. and KEY PATENT INNOVATIONS LTD.,** | § § § § § § § | |
| *Plaintiffs,* | § § | **CASE NO. 7:25-CV-00222-DC-DTG** |
| *v.* | § § | |
| **MARA HOLDINGS INC. (f/k/a MARATHON DIGITAL HOLDINGS, INC.),** | § § § § | |
| *Defendant,* | § § | |

## <u>ORDER DENYING OPPOSED MOTION TO STAY (DKT. NO. 54)</u>

Pending before the Court is the defendant, MARA Holdings, Inc. (f/k/a Marathon Digital Holdings, Inc.)'s opposed motion to stay this matter in light of *ex parte* reexaminations that the defendant and a third party filed with the United States Patent and Trademark Office seeking reexamination of the patents at issue. Dkt. No. 54. The defendant argues that staying the case will simplify the issues before the Court and conserve judicial resources. *Id.* at 5–7. The plaintiffs claim that a stay would cause them undue prejudice and indefinitely delay the case. *See* Dkt. No. 61 at 3–10. Having considered each argument carefully, the Court finds that the motion should be **DENIED**.

Patent infringement suits are not automatically stayed pending the resolution of parallel USPTO proceedings. *See Kirsch Rsch. & Dev., LLC v. IKO Indus. Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 455610, at *2 (W.D. Tex. Oct. 5, 2021) (quoting *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961-RWS-JDl, 2017 WL 772654, at *2 (E.D. Tex. Feb. 27, 2017)). Rather, courts must first determine if the stay's benefits outweigh its inherent costs. *Id.* (quoting *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D.

Tex. July 14, 2006).  To do so, courts generally weigh (1) whether a stay would unduly prejudice or tactically disadvantage the non-movant; (2) the stage of the proceedings; and (3) whether a stay would simplify the issues in this case.  *See id.*; *see also Worldwide Oilfield Mach., Inc. v. Ameriforge Grp., Inc.*, No. H-13-3123, 2015 WL 12780757, at *1 (S.D. Tex. June 5, 2015) (citing *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 55425298, (S.D. Tex. Sept. 26, 2013)).

The parties dispute the potential prejudice occasioned by a stay. The defendant argues that the plaintiffs will not be prejudiced by a stay because they do not compete with the defendant, they seek only monetary damages, and they delayed filing this case for over two years after the patents-at-issue were acquired. Dkt. No. 54 at 8. The plaintiffs, however, argue a stay will prejudice their business of licensing their technology and force the plaintiffs to defend the validity of their patents twice—before the patent office and in this lawsuit. Dkt. No. 61 at 9-10. They also argue that they would be tactically disadvantaged because an *ex parte* reexam has no estoppel effect, which would give the defendant two bites at the invalidity apple. *Id*. at 10. Finally, they contend that a stay would deprive them of the opportunity to depose the defendant's experts who signed declarations in support of the defendant's *ex parte* reexaminations. Dkt. No. 61 at 10.

The Court finds that granting the stay would practically and tactically prejudice the plaintiffs. As this Court has previously held, a patent owner that seeks solely monetary relief still has an interest in enforcing its patent right. *TC Tech. LLC v. T-Mobile USA*, No. 6-20-CV-00899-ADA, 2021 WL 8083373, at *2 (W.D. Tex. 2021) (citing *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015)). As noted by the plaintiff, there is no estoppel effect to the *ex parte* reexaminations. Dkt. No. 61 at 5. This allows the defendant to

initiate the reexaminations, evaluate the plaintiffs' arguments in those proceedings, and modify their invalidity arguments in this case based on the result of the reexaminations. This effectively gives the defendant "to bites at the [invalidity] apple." *Id*. at 10 (citing *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-CV-116, 2009 WL 9506927, at *2 (E.D. Tex. Dec. 18, 2009)). Of less importance, but still relevant, is the argument that a stay of this case would effectively foreclose discovery of the experts who signed declarations in support of the *ex parte* reexaminations. The Court is persuaded that granting a stay would unduly prejudice and tactically disadvantage the plaintiffs.

The Court next considers whether a stay is appropriate at this stage of the proceedings. The parties disagree on the reexamination's estimated duration. *Compare* Dkt. No. 54 at 7 *with* Dkt. No. 61 at 5–6. The defendant contends that the average length of an *ex parte* reexamination is just over 15 months, but speculates that as the patents have expired, they could conclude faster. Dkt. No. 54 at 7. The plaintiffs counter by noting that the that the average duration of reexaminations appealed to the PTAB is 27.33 months. Dkt. No. 61 at 6. Either assumption would carry the stay past the current trial date of March 1, 2027. *See* Dkt. No. 50. From the record before it, the Court concludes that the proposed stay would delay the scheduled trial date, and so this factor weighs against the defendant's motion.

The most important factor before the Court is whether the reexamination will simplify the issues in this case. *See Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-CV-00530-ADA, 2023 WL 7476358, at *4 (W.D. Tex. May 18, 2023) (citing *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-01058, 2015 WL 1069111, at *4, *5 (E.D. Tex. Mar. 11, 2015)). The defendant speculates that reexamination proceedings are highly likely to cancel some of the asserted claims and provide guidance about the scope of the claims for claim construction. Dkt. No. 54 at 5. The

plaintiffs note that unlike an *inter partes* reexam, the defendant neither bound nor estopped by an *ex parte* reexamination. Dkt. No. 61 at 5. This lack of estoppel combined with the potential adjustment to its invalidity case based on file history created during the reexaminations persuades the Court that a stay is unlikely to simplify the case. The parties have already exchanged preliminary infringement and invalidity contentions, the Court has already conducted a *Markman* hearing and entered its claim construction order in this case, fact discovery has opened, and the case is on track for trial in March of 2027. *See* Dkt. Nos. 50 & 80.

Considering the factors, the Court concludes that the facts of this case do not warrant a stay. Therefore, the Court **DENIES** the defendant's motion (Dkt. No. 54).

SIGNED this 1st day of June, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE